HENRY SCHAFER v. ELIZABETH BOYCE.

*Statute of jeofails—Misjoinder of counts.*

In a suit by a wife before a justice for damages for selling liquor to her husband, the misjoinder of counts in tort and assumpsit is covered by the statute of jeofails (Comp. L., ch. 190) if judgment was rendered in the trial court without demurrer or objection to the form of the declaration.

Error to Berrien. Submitted June 10. Decided July 1.

ACTION UNDER THE CIVIL DAMAGE LAW. Defendant brings error.

*Josephus K. Turner* for plaintiff in error. Misjoinder of counts is fatal on demurrer, motion in arrest of judgment, after verdict, or on writ of error, *Pell v. Lovett,* 19 Wend., 546; *Whitney v. Crim,* 1 Hill, 61; actions of tort and contract cannot be joined in the same declaration, 1 Chitty Pl., 199; *Church v. Mumford,* 11 Johns., 479; *Hallock v. Powell,* 2 Cai., 216.

*Emory M. Plimpton* for defendant in error.

GRAVES, J. This suit was commenced by defendant in error before a justice of the peace to recover damage caused by the sale of liquor to her husband by Schafer. The justice gave judgment in her favor for $30. Schafer appealed, and the circuit court enlarged her recovery to $97.92. He then brought error. There being no bill of exceptions, the allegation of error is confined to the main record. The objection brought is that the declaration composed of a single count contains two causes of action which are not compatible; that is to say, tort and assumpsit. There was no demurrer, and it does not appear that objection in any form was taken or suggested in the court below.

As the declaration is quite inartificial, no doubt a demurrer would have been sustained. Were the alleged misjoinder admitted, it is not to be assumed that the error would not be made unavailable by the fourth subdivision of Comp. L., § 6051. *Lovett v. Pell,* 22 Wend., 369. But we do not agree with counsel for plaintiff in error in the view that the alleged incongruity exists. We think on fair construction the declaration is to be regarded as sounding exclusively in tort. Whatever defect there is, is cured or made harmless now by Comp. L., ch. 190.

The judgment must be affirmed with costs.

The other Justices concurred.