## PHILLIPS v. FLYNN, *Appellant.*

**Landlord and Tenant:** CONTRACT: TORT: MISJOINDER OF PARTIES. A landlord cannot maintain a joint action for rent against his tenant, and for conversion against another person, who, with knowledge of his lien rights, has bought the crop and disposed of it.

*Appeal from Saline Circuit Court.*—Hon. WM. T. WOOD, Judge.

REVERSED.

This was a suit for rent against defendant Blackburn. Flynn was joined as co-defendant. The petition averred that he had purchased of Blackburn the crop raised on the demised premises; that the purchase was made with full knowledge that it had been so raised, and that plaintiff's rent was not paid, and that plaintiff was, therefore, entitled to a landlord's lien upon the crop. It further averred that Flynn had sold and shipped the crop, so that the lien could not be specifically enforced. There was a prayer for a general judgment against Blackburn, and a prayer that Flynn be required to pay plaintiff out of the proceeds of the sale the amount of such judgment. To this petition Flynn filed a demurrer, which having been overruled, he refused to plead further, and after trial and verdict against Blackburn, a judgment was entered against both, from which Flynn appealed.

*Scott & Cooney* for appellant.

SHERWOOD, C. J.—The objections of the demurrant Flynn to the petition, were well taken, for these reasons : 1st, The petition united in the same count two distinct causes of action, one arising *ex contractu,* the other *ex delicto.* 2nd, Two distinct causes of action not belonging to the same class, were united in the petition. 3rd, There was an improper joinder of parties defendant, Blackburn, who was declared against on a breach of contract, and

Flynn for a tort. It is unnecessary to notice the other errors assigned. Judgment reversed and cause remanded. All concur.