# THE LOUISVILLE, EVANSVILLE & ST. LOUIS RAILROAD COMPANY

### v.

## SANFORD HILL.

*Railroads—Negligence—Failure to Signal—Killing Cow at Crossing— Pleading—Improper Amendment—Duplicity.*

1. Two distinct causes of action can not be set up in a single count of the declaration.

2. In an action against a railroad company to recover damages for killing a cow at a crossing, this court reverses the judgment for the plaintiff for error of the court below in overruling the demurrer to the amended declaration which set up both a statutory and a common law cause of action.

### [Opinion filed January 10, 1889.]

APPEAL from the Circuit Court of Jefferson County; the Hon. C. C. BOGGS, Judge, presiding.

Mr. C. H. PATTON, for appellant.

The special demurrer ought to have been sustained and the plaintiff compelled to separate his grounds of action, placing the statutory negligence, which it is alleged consisted of failing to sound a bell or whistle as required by statute, in one count, and the common law negligence for running at high speed and not slowing up the speed of the train in approaching the highway crossing, in another count. Then the issues thus formed could be intelligently and certainly supported on one side and denied on the other by the evidence.

"The object of the science of pleading is the production of a single issue upon the same subject-matter of dispute. The rule relating to duplicity, or doubleness, tends more than any other to the attainment of this object. It precludes the parties, as well the plaintiff as the defendant, in each of their pleadings, from stating or relying upon more than one matter constituting a sufficient ground of action, in respect of the same

demand, or a sufficient defense to the same claim. The plaintiff can not, by the common law rule, in order to sustain a single demand, rely upon two or more distinct grounds or matters, each of which, independently of the other, amounts to a good cause of action in respect of such demand." 1 Chit. Pl. (14th Ed.) p. 226.

But this question is settled in favor of appellant in a case singularly in point. See C., B. & Q. R. R. Co. v. Magee, 60 Ill. 529, which was an action brought to recover for the killing of a horse by defendant's train. The court in the opinion says:

" The declaration has but one count, and in that the plaintiff avers a failure to build and maintain a sufficient fence, as required by the statute, and also avers that the defendant so carelessly ran, conducted and directed its train that it struck and killed the plaintiff's horse. * * * The declaration was liable to demurrer for duplicity in uniting in one count two causes of action."

Mr. WILLIAM T. PACE, for appellee.

As this action is brought for negligence in the appellant on account of a failure to ring a bell or sound a whistle on approaching a crossing of a public highway as required by the statute, in consequence of which the cow in question, it is alleged, was killed, it would not be sufficient to create a liability upon the part of the appellant by merely showing that the bell was not rung or the whistle sounded. It must be made to appear by the facts and circumstances proved that the accident was caused by such neglect. And the burden of proving it rests upon the appellee. Q., A. & St. L. R. R. Co. v. Wellhoener, 72 Ill. 60.

The case above cited we think fully answers the objection endeavored by appellant to be sustained by the case of the C., B. & Q. R. R. Co. v. Magee, 60 Ill. 529. That case is not a parallel to the one now before the court, for in it two causes of action are alleged, while in this case it is necessary to allege more than the mere failure to ring a bell or sound a whistle, as required by statute.

REEVES, J. This action was to recover the value of a cow, alleged to have been killed by a train of appellant at a road crossing, just west of Mt. Vernon. The declaration charged negligence in not performing a statutory duty to ring a bell or blow a whistle before crossing the public highway.

By leave of the trial court appellee filed what he denominated an amendment to his original declaration, which, after stating facts which rendered the crossing a dangerous one, charged that the appellant ran its train over said crossing at a high rate of speed, and in a careless and reckless manner. This amendment attempted to make a case of common law negligence. Appellant interposed a demurrer, both general and special, to the declaration as amended, and among other grounds, alleged that there was an attempt in the declaration to set up in one count two distinct causes of action, one arising from statutory and the other from common law negligence.

The court below overruled the demurrer, and appellant standing by its demurrer, there was judgment for appellee.

We think the court erred in its ruling upon this demurrer. It seems to us clear that the declaration as amended was open to demurrer upon the ground that in one count it attempted to set up two distinct causes of action; this should have been done by two counts.

For this error the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*