157 637
168 601

## Coopersdale Election.	Harris's Appeal.

*Elections—Practice—Joint petition.*

The court of quarter sessions acquires no jurisdiction over an election contest involving the election of different persons to different offices by a single petition where different persons claim to have been elected to different offices. Moock v. Conrad, 155 Pa. 598, distinguished.

The court will not entertain an election petition wherein it is sought to contest in one proceeding the election of burgess, school directors, councilmen, constable, tax collector and justice of the peace.

Argued Oct. 11, 1893. Appeal, No. 275, Oct. T., 1893, by D. A. Harris et al., from judgment of Q. S. Cambria Co., March T., 1893, No. 35, sustaining demurrer to petition in election in Coopersdale borough. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Demurrer to election petition. Before BARKER, P. J.

The irregularities in the election as averred in the petition were : (1) " That the said election officers for the said election in the said borough unjustly, illegally, and fraudulently threw out and refused to count and make a legal return of a majority of votes cast, being to the number of fifty-four and more votes, which were duly and legally cast as aforesaid. (2) That a person named J. D. Adams was one of the officers for the said election, in the said borough, and acted as such; and that he, the said J. D. Adams, was a candidate for auditor for said borough at said election, all of which is unlawful and contrary to the act of assembly made and provided. (3) Also, that the said election officers for the said election did not certify nor sign the return made as aforesaid, and that the certificates issued and delivered as aforesaid are illegal and should be declared null and void."

The further facts appear by the opinion of the court below as follows:

" A petition was presented, signed by the requisite number of electors, setting forth substantially that the election officers of the borough of Coopersdale had made return that J. Q. Adams had been elected burgess; W. E. Lawrence and E. B. McCurdy, members of council; H. G. Neeley, Judson Merritts, and Peter Felix, school directors; Ellsworth Kunkle, justice of the peace; W. S. McCurdy, constable, and C. C. Bash, collector of taxes; but that the said election officers threw out or refused to count fifty-four votes cast for D. A. Harris, W. H. Haws, and Philip Rehn, John Stenbaugh, J. D. Bryan and Charles Ashcom, S. J. Davis, Caleb Butler and C. S. Schramm for the above offices respectively, which votes, if counted, would have entitled the last named parties to the certificates of election.

" The petition alleged other irregularities as to the conduct of the election.

" The respondents filed a motion to quash the petition and assigned a number of reasons, but it is only necessary for us to consider the first one, which is as follows : ' That the court does not acquire jurisdiction of an election contest involving the election of different persons to different offices by a single petition where different persons claim to have been elected to different offices as alleged in the petition of contestants.'

" This objection is fatal to the proceedings. Under the common-law mode of procedure there must be a joint legal interest—an interest in which all parties joining or joined have joint legal rights before they can sue or be sued in one action, consequently a number of persons having several and distinct contracts growing out of the same transaction with one person, or indeed several and joint rights growing out of the same contract with one person, cannot join in an action against him, and much less can one person or a number of persons join in an action against a number of other persons where the rights and liabilities of the latter are several and not joint.

" This proceeding was instituted by a number of persons on behalf of the contestants against a number of other persons whose interests are neither joint nor identical, and it is entirely clear that the latter cannot be joined in the same contest unless

there be some express statutory provision allowing it; let us see, then, if there is anything in the statute regulating contested elections authorizing two or more contests to be carried on in the same proceeding.

" The 153d section of act of July 2, 1839, P. L. 554, provides that 'the several courts of quarter sessions shall have jurisdiction to determine all cases in which the election of any county or township officer . . . may be contested.' This section gives jurisdiction, and section 154, regulating the manner of contesting, provides that 'upon the petition in writing of at least twenty qualified electors . . . . complaining of an undue election or false return of any such officer the court shall . . . . notice of which shall be given to the person returned.'

" The later act of May 19, 1874, P. L. 208, speaks of 'the person whose right of office shall be contested,' so that we find nothing in either act expressly authorizing joint contests, but we do find such language in both as to exclude the idea of joining more than one contest in the same proceeding.

" The right to contest an election to a public office is created by statute, and the statute must be strictly followed in every particular or the proceeding will fail. The statute not providing for joint contests and being seemingly repugnant to them, we would have to cast aside well recognized and well established principles of law if we attempted to enlarge the letter of this act and sustain these proceedings. There is no precedent for it, and, as Judge GREEN said in a similar case—Cass Township Election Case, 2 Leg. Ch. R. 307—it would be ' unheard of and contrary to all analogies of the law.'

" We have diligently sought, but in vain, for any authority or reason that would sustain us in ruling this question otherwise than we have ruled it, because we can appreciate why it was sought to have the question at issue determined by one issue rather than a number, and because public office should not be held by persons whose title to the office is not clear, but more particularly because in this case it is alleged that the election officers threw out or refused to count the votes of fifty-four persons, conduct on their part almost demanding judicial investigation as to its legality and regularity, and if we had a shadow of a doubt as to the correctness of our ruling we would have resolved that doubt in favor of the regularity of the pro-

ceedings. As it is, the contestants, in the exercise of a clear legal right, have interposed an objection to the proceedings that compels us to stay them now, and any intimation from us as to the legality of the conduct of the board would be purely gratuitous and binding on no one.

"April 5, 1893, petition quashed at the cost of petitioners, and a bill of exceptions signed and sealed on behalf of petitioners."

A motion for reargument was granted in the following opinion :

" In disposing of the motion to quash in above case we followed the only precedent we could find and sustained the motion. At the first sitting of the court after our ruling, counsel for petitioners moved for a rehearing and cited an opinion of Judge FINLETTER, filed subsequently to ours, in which he refused to quash the proceedings in a case where several persons elected to the office of councilman were joined in the same contest. We declined to accept his opinion as authority, believing our own entitled to equal weight, and believing that the proceedings were not analogous, because, in that case, only officers belonging to the same class or set were joined, whereas, in the case before us, several classes or sets were joined, and with them, also, individual officers. In the case before him the contest was only for councilmen ; in the one before us, councilmen, school directors, burgess, and all other borough officers were joined in one proceeding, and we were warranted both by analogy and the precedents then existing in ruling the joinder to be fatal, but since then, in reviewing the opinion of Judge FINLETTER, the Supreme Court have said in plain and unmistakable terms that it is not necessary to file separate petitions to contest the election of several candidates for offices voted for on the same ticket. Promptly, on the filing of the above opinion, counsel for contestants renewed this motion for a rehearing, and feeling that he is entitled as a matter of right to be heard fully on the question of the applicability of the ruling of the Supreme Court to the case before us, and, realizing that it would be binding on us if applicable, we sustain his motion."

After reargument the court filed the following opinion :

" We are asked on a rehearing of this case to overrule the demurrer previously sustained by us, because it is claimed we

were in error in so doing, and that the Supreme Court have in effect said so in the case of Moock et al. v. Conrad et al., 155 Pa. 598.

"We said in our original opinion that if we had a shadow of a doubt as to the correctness of our ruling we would have resolved that doubt in favor of the regularity of the proceedings, and we say now that if we could find any reasonable excuse for reversing ourself in the opinion of Judge WILLIAMS, consistent with a conscientious performance of our duty, we would gladly seize hold of it and permit the proceedings to continue; but to place upon his opinion such a construction as to permit all classes of offices voted for on one ballot under the present system to be contested in one proceeding, would be to revolutionize the practice, complicate, rather than simplify, such proceedings, and involve the court in confusion as to questions of costs and evidence and decrees, and compel persons having no joint interest to join in a defence. We would not wish to be cited as the first to so rule or to establish the precedent. And it is not necessary to so rule in order to follow the opinion or dictum of Judge WILLIAMS in above case, or the opinion of Judge FINLETTER, which was reviewed by him; their opinion only applied to cases where the election of two or more persons to the same office was contested. The election of four persons returned as elected to councils (there being four vacancies) was contested in one proceeding, and Justice WILLIAMS says that in such a case he can see no reason for filing as many copies of the petition as there are persons on the ticket. Neither can we in such a case. Indeed, there is reason for joining all the persons named on the same ticket for councils, because, as Judge FINLETTER says in his opinion, 'if single petitions were presented, single persons must be selected as contestants and the evidence might show that neither was elected.'

"That the opinion of Justice WILLIAMS only applies to cases where two or more persons are to be elected to the same office, and belong to the same set or class, and are voted for on one ballot, is plain and clear to us. Let us see what he says: 'Ordinarily a single candidate is presented by each party for each office, and the returns will show the election of one and the defeat of his competitor, but it sometimes happens that two or more candidates for the legislature, for councils, for school di-

rectors, are to be chosen from the same district; in that case each party puts forward its candidates, who are voted for upon the same ballot or ticket, and who are or may be elected or defeated together. When this happens, and the returns show the election of one set of the candidates and the contestants allege fraud or mistake, calculated to affect the entire ticket and to destroy the returns as to each one of the set returned as elected, we can see no reason for requiring the contestants to file as many copies of their petition as there are persons upon the ticket to be elected.'

" Now, it is plain and clear that wherever the word 'ticket' is used above it refers to the ticket upon which are named 'two or more candidates for the legislature, councils,' etc., and who are or may be elected or defeated together, and does not refer to a ticket upon which are named candidates for different offices. He first speaks of the ordinary cases 'where a single candidate is presented by each party for each office;' then of the extraordinary or unusual cases 'where two or more persons are to be elected to the same office, as legislature, councils,' etc.; then he says : ' When this happens,' i. e., the extraordinary case, 'we can see no reason for requiring the contestants to file as many copies of their petition as there are persons upon the ticket returned elected.' Under the principle of inclusio unius, etc., there must be as many copies of the petition as there are 'single candidates ' for each office returned as elected. Is not the implication or inference plain that where but one person is to be elected to each office there are reasons for requiring as many petitions as there are offices to be contested ? All through the opinion of Judge WILLIAMS he carries out the thought that he had only in his mind the facts of the particular case before him, and the inference is plain to us that he would not have ruled as he did had the facts been the same as in the case before us, where it is sought to contest in one proceeding the election of burgess, school directors, councilmen, constable, tax collector, justice of the peace.

" He speaks of the 'persons elected together on the legislative or councilmanic ticket;' 'a given set of candidates;' 'all the members of the set returned as elected,' showing that his dictum in this case should only be held to apply to the cases which he says 'sometimes happen,' in which cases a 'set' or 'class' of officers may be joined in one contest.

" When the opinion of Judge FINLETTER was cited to us we were not shaken as to the correctness of our original opinion, and, after a careful analysis of the opinion of Judge WILLIAMS, we are not shaken by it, although we have at great pains and care studied it, being eager to be convinced. On the contrary, we see in the reasoning of both judges that which satisfies us that if the same facts were before them the ruling would be the same as ours.

" And now, September 4, 1893, demurrer sustained on reargument."

*Errors assigned* were (1) in refusing to entertain jurisdiction of the petition; (2) in quashing the petition.

*H. W. Storey,* for appellants.—The issue here was single, namely, a false and fraudulent count and return. This distinguishes the case from Cass Twp. Case, 2 Leg. Ch. R. 283, and brings it within the rule of Moock v. Conrad, 155 Pa. 598.

*M. B. Stephens,* for appellees, cited : Renninger v. Thompson, 6 S. & R. 1 ; Bredin v. Gilliland, 67 Pa. 34 ; Moock v. Conrad, 155 Pa. 598 ; Cass Twp. Case, 2 Leg. Ch. R. 283 ; Kelly v. Sun Fire Office, 141 Pa. 21.

PER CURIAM, October 23, 1893 :

Neither of the specifications is sustained. For reasons given by the learned president of the quarter sessions, we think the appeal should be dismissed.

Decree affirmed and appeal dismissed, with costs to be paid by appellant.