## S. S. SLEEPER & CO.

*v.*

## THE WORLD'S FAIR BANQUET HALL COMPANY *et al.*

*Filed at Ottawa April 3, 1897.*

PLEADING—*distinct causes of action against different defendants cannot be joined.* A declaration which joins distinct causes of action in favor of the same plaintiff, but against different defendants, is obnoxious to demurrer.

*Sleeper & Co.* v. *Banquet Hall Co.* 64 Ill. App. 641, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

This is a suit in assumpsit, commenced by attachment by appellants against appellees on September 23, 1893. Various motions to quash the attachment were made upon the ground of insufficiency of the affidavit for attachment. Some of these motions were allowed; and, besides the original affidavit for attachment, several amended affidavits were filed. The original declaration was filed on October 3, 1893. An amended declaration was filed on November 25, 1895. The amended declaration consisted of a special count and the common counts. A demurrer was filed to the special count of the amended declaration; and this demurrer was sustained by the court. Leave was given to the plaintiffs to withdraw the common counts, and they elected to stand by the special count in the amended declaration. Judgment was then rendered in favor of defendants against the plaintiffs for costs. Plaintiffs entered an exception, and took the case by appeal to the Appellate Court. The Appellate Court affirmed the judgment of the circuit court and the present appeal is from such judgment of affirmance.

In the original declaration the plaintiffs, S. S. Sleeper, F. H. Sleeper and R. A. Flanders, partners under the firm name of S. S. Sleeper & Co., complain of John S. Morris, and the World's Fair Banquet Hall Company, as defendants. In the amended declaration Frank H. Sleeper and Rufus A. Flanders, as surviving partners doing business under the firm name of S. S. Sleeper & Co., complain of said Morris and said World's Fair Banquet Hall Company, a corporation, as defendants.

The amended declaration alleges, that on March 17, 1893, at Chicago, Morris, as party of the first part, entered into a contract in writing with the firm of S. S. Sleeper & Co. as party of the second part, wherein it was recited, that the first party had the concession for the Banquet Hall at the World's Fair Grounds at Chicago, and wished to buy of said second party their brand of cigars known as "Sleeper's Eye," and that Sleeper & Co. wished to sell said brand; that the second party agreed to pay $2000.00 in such sums as the first party should demand until all should amount to $2000.00, said first party agreeing to give a receipt for all moneys received up to $2000.00; that, when the company should be fully organized and the stock issued, which should be within thirty days from date, then the first party would deliver to the second party $2000.00 of the preferred stock of the Banquet Hall Company; that said company was to have a capital of $150,000.00, $50,000.00 to be preferred stock and bear six per cent interest; that the preferred stock was to be paid off before any dividends should be paid on the common stock; that the cigars were to be placed in Banquet Hall and sold by Morris; and in which said agreement said second party agreed to pay all drafts of the first party up to $2000.00, and to advertise and sell cigars. The amended declaration further alleges, that a contract between Morris and S. S. Sleeper & Co. was made on April 7, 1893, by which Morris agreed to transfer to Sleeper & Co. $1000.00 worth of preferred stock of the Banquet Hall Company,

and Sleeper & Co. agreed to take and pay for ten shares of such stock at par value of $100.00 each, $1000.00 to be paid by draft drawn by Morris.  The declaration further alleges, that, on April 1, 1893, plaintiffs paid Morris $2000.00 in full compliance with the first contract, and that, on April 10, 1893, they paid Morris the further sum of $1000.00 in full compliance with the last contract; that, on April 20, 1893, Morris, with two other parties, caused to be incorporated the defendant, the World's Fair Banquet Hall Company, under the laws of Illinois, with a capital of $150,000.00; that, thereupon, said corporation was fully organized and put in operation; that, upon said last mentioned date, Morris paid and delivered to the World's Fair Banquet Hall Company the money paid to him by plaintiffs, to-wit: the sum of $3000.00 to and for the use and benefit of plaintiffs; that the said World's Fair Banquet Hall Company received and accepted said money from Morris to and for the use of plaintiffs; that, at that time, Morris delivered to the World's Fair Banquet Hall Company the two contracts made by him with plaintiffs, and that the said company accepted said contracts and promised to perform all the conditions and promises therein made by Morris.  It is further therein alleged, that neither Morris nor the World's Fair Banquet Hall Company has performed any of the promises made in said contract, nor has either of them at any time delivered or offered to deliver $2000.00 of the preferred stock, as agreed in the first contract, or the ten shares of preferred stock as provided in the last contract; but that defendants retained said sums of money, and refused to deliver to plaintiffs said shares of preferred stock, or any part thereof, though the same have often been demanded by plaintiffs.

C. A. PARKS, and McCARTNEY & GIDDINGS, for appellants.

MOSES, PAM & KENNEDY, for appellees.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

One ground, upon which it is urged that the declaration was demurrable, is, that the parties are alleged to have contracted for preferred stock; although there is no statement in the declaration as to what preferred stock means. It is contended by counsel for appellees, that it is not in the power of an incorporated company to create preferred stock without a statute upon the subject; and that, as no statute exists in this State authorizing the issue of preferred stock, a contract which provides for its issue cannot be enforced. The case of *Higgins* v. *Lansingh,* 154 Ill. 301, is referred to as authority for the contention of counsel in regard to preferred stock. We do not, however, deem it necessary to discuss this feature of the contract set up in the amended declaration, nor to express any views or make any decision in relation thereto. We think that the demurrer to the amended declaration was properly sustained for another reason.

We concur with the view of the Appellate Court in deciding this case, as expressed in the following language quoted from their opinion, to-wit: "The action is against one John S. Morris and the Banquet Hall Company joined as defendants, and, while the declaration undertakes to show contracts by each of the defendants with the plaintiffs, there is no hint of any contract by defendants jointly. The declaration sets out two written contracts with Morris and alleges the payment to Morris by the plaintiffs of money thereunder; that Morris delivered the contracts and money to the Banquet Hall Company, which accepted the contracts and promised to perform them; to whom that promise was made the declaration does not state."

Where a declaration, as is the case with the amended declaration here, unites two causes of action in one count, such a declaration is liable to demurrer. At common law, it was not allowable to include more than one cause of action in one count. (*Chicago, Burlington and Quincy Rail-*

*road Co.* v. *Magee*, 60 Ill. 529; *Louisville, Evansville and St. Louis Railroad Co.* v. *Hill*, 29 Ill. App. 582; *Columbian Hard Wood Lumber Co.* v. *Langley*, 51 id. 100; 5 Ency. of Pl. & Pr. 334.) Where causes of action are joined they must affect all the parties alike. The same plaintiff may not join distinct causes of action against different defendants, except in proceedings where there is some statutory provision permitting or requiring it to be done. (1 Ency. of Pl. & Pr. 209; *Atchison, etc. Railroad Co.* v. *Sumner County*, 51 Kan. 617; *Addicken* v. *Schrubbe*, 45 Iowa, 315; *Schafer* v. *Boyce*, 41 Mich. 256; 11 Am. & Eng. Ency. of Law, 1015). "Distinct causes of action in favor of the same plaintiff or plaintiffs, but against different defendants, may not be joined." (*Ferguson* v. *Terry*, 1 B. Mon. 96; *Robinson* v. *Rice*, 20 Mo. 229; *Phillips* v. *Flynn*, 71 Mo. 424; *Burns* v. *Williams*, 88 N. C. 159).

The judgments of the Appellate Court and of the circuit court are affirmed.

*Judgment affirmed.*