G. C. BROWNING *et al.* Appellees, *vs.* M. L. GORMAN, Appellant.

*Opinion filed February 21, 1914.*

1. ELECTIONS—*proceeding to contest an election is purely statutory.* The right to contest an election to a public office is created by statute, and the statute must be strictly followed in every particular or the proceeding will fail.

2. SAME—*proceeding to contest election is neither one at law nor in chancery.* While section 116 of the Elections act provides that after filing the statement prescribed by section 113 the case shall be tried in like manner as cases in chancery, yet the proceeding is neither one at law nor in chancery.

3. SAME—*electors may join in a statement or petition to contest an election.* Under section 112 of the Elections act two or more electors may join in a statement or petition to contest an election to a public office.

4. SAME—*the election of persons to separate offices of different classes cannot be contested in one proceeding.* The Elections act does not authorize the election of a supervisor and a commissioner of highways to be contested in one proceeding, and the court is without jurisdiction to entertain a proceeding to contest the election of both of such officers under one statement or petition.

5. SAME—*rule 3 of section 1 of the act in relation to construction of statutes construed.* Rule 3 of section 1 of the act in relation to the construction of statutes, which provides that words importing the singular number may extend and be applied to several persons or things, cannot be applied to a particular statute, where such application would be inconsistent with the manifest intention of the legislature or repugnant to the context of such statute.

APPEAL from the County Court of Montgomery county; the Hon. JOHN L. DRYER, Judge, presiding.

D. R. KINDER, and PAUL MCWILLIAMS, for appellant.

HILL & BULLINGTON, for appellees.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

At the annual election in Bois D'Arc township, Montgomery county, held on April 1, 1913, Martin L. Gorman, the appellant, and W. K. McWilliams were candidates on the Democratic ticket for the office of supervisor and commissioner of highways, respectively, and G. C. Browning and W. V. Thomas, appellees, were candidates for those offices, respectively, on the Independent ticket. The election returns showed that Gorman and McWilliams were elected. Browning and Thomas, evidently intending to bring themselves within section 113 of the Elections act, filed a joint statement in the county court of Montgomery county setting forth the points on which they would contest the election of both Gorman and McWilliams. On the return day each of the contestees appeared and filed his separate motion to dismiss the statement (or petition, as it was denominated throughout the proceeding,) for want of jurisdiction. These motions were identical, except that the names were alternated. The grounds of the motions were, that Gorman was elected to the office of supervisor, the term of which is two years, and that McWilliams was elected to the office of commissioner of highways, the term of which is three years; that the petition does not show that the defendants have a joint interest in said offices; that they have no joint interest and are therefore improperly joined. The motions to dismiss were overruled. The contestees thereupon separately answered the statement or petition. These answers each reserved exceptions to the petition, denied the jurisdiction of the court, set up

the same matters contained in the motions to dismiss, and alleged that the petition should be dismissed for want of jurisdiction. The ballots were opened and the re-count disclosed that Gorman and McWilliams had received larger majorities than shown by the returns of the election. The contestants then secured leave to file an amendment to their statement or petition, in which it was charged that six ballots cast in precinct No. 2 had been tampered with since they had been counted by the judges of election and so marked as to invalidate them, and alleged that such ballots should either be counted for the contestants or that all the votes cast in precinct No. 2 should be thrown out. The court granted leave to the contestees to withdraw their answers to the original statement or petition, and each of them then renewed his motion to dismiss. These motions were overruled and the original answers of the contestees were allowed to be re-filed to the amended statement. The court then held that the ballots in precinct No. 2 had not been properly preserved and that the same had been tampered with and were discredited and that the returns of the election should govern. It found that three illegal votes had been cast for each of the contestees, and deducted those votes from the votes found to have been received by Gorman and McWilliams on the canvass of the returns. This gave the contestants, Browning and Thomas, a majority, and they were accordingly declared elected. The court did not enter a judgment, as required by section 119 of the Elections act, but entered a decree with an extended finding of facts, in which it was decreed that Browning was duly elected supervisor and Thomas commissioner of highways, and that Gorman and McWilliams should pay the costs of the proceeding. The contestees were allowed a joint or several appeal, and Gorman under this order has perfected this appeal.

Many reasons are urged why the judgment of the county court should be reversed, but under our view of the statute

it will be necessary to consider but one of them, namely, whether the court had jurisdiction to entertain and act upon such a statement or petition as was filed in this case.

There is no question that the contestants had the right to join in a statement or petition to contest the election of any person to an office in that township. Section 112 of the Elections act provides that the election of any person declared elected to any office, other than certain State offices named, may be contested by any elector of the State, judicial division, district, county, town or precinct in and for which the person is declared elected. This gave the contestants the undoubted right to join in the proceeding. The question to be determined is, whether under our statute they are given the right in one and the same proceeding to contest the election of persons to separate and distinct offices of different classes. This question has never been determined in this State.

The right to contest an election is given only by the statute. It is therefore purely a statutory proceeding and the statute must be strictly followed. While section 116 of the Elections act provides that after the filing of the statement prescribed by section 113 the case shall be tried in like manner as cases in chancery, the proceeding is neither one at law nor in equity. An inspection of the Elections act discloses that it was the undoubted intention of the legislature that the election of but one person to an office should be contested in one proceeding. Section 112 of the act provides that "the election of any person declared elected to any office" may be contested. Section 113 provides that the person desiring to contest such election shall, within thirty days "after the person whose election is contested is declared elected," file a statement setting forth the points on which he will contest the election. Section 114 provides for the issuing of summons "against the person whose office is contested." Section 119 provides that in case of contest in relation to "the election of some person

to an office" the judgment shall declare as elected "the person who shall appear to be duly elected." It will be noted that throughout the statute provision is made for the contest of the election of only one person to an office, and there is no intimation anywhere that the legislature intended to confer jurisdiction upon the courts to hear and determine a proceeding for the contest of the election of different persons to different offices of separate and distinct classes in a joint proceeding.

In *Harris* v. *Adams,* 157 Pa. 637, the Supreme Court of Pennsylvania affirmed the decree of the Quarter Sessions quashing a petition to contest the election of various persons to the offices of burgess, members of the council, school directors, justice of the peace, constable and collector of taxes, respectively, in the borough of Coopersville. The statute of Pennsylvania authorizing proceedings for contests of elections is similar to ours in the respect that it seems to contemplate the contest of the election of but one person to an office. As was said in the opinion of the president of the Quarter Sessions in that case, which was expressly adopted and approved by the Supreme Court, so it can be said of our statute, that we can find nothing in the act expressly authorizing contests to be joined, but we do find such language as excludes the idea of joining two or more contests in the same proceeding. The right to contest an election to a public office is created by statute, and the statute must be strictly followed in every particular or the proceeding will fail. In *Vance* v. *Gaylor,* 25 Ark. 32, it was held that the court had no jurisdiction over the subject of a contest for several county offices under one notice, for the reason that the contest for each office is separate and distinct, between different parties and forming separate and distinct causes of action. To the same effect is *People* v. *DeMill,* 15 Mich. 164.

Appellees contend that under section 1 of the act in relation to the construction of statutes the words "person"

and "office" should be read in the plural rather than in the singular number. Said section 1 provides that in the construction of statutes "the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the same statute," and then follow nineteen different rules, the third of which is: "Words importing the singular number may extend and be applied to several persons or things, and words importing the plural number may include the singular." This section is intended to be resorted to only where it is necessary to adopt such construction in order to make the statute consistent or to carry out the evident intent of the legislature. To adopt such a construction as is contended for here would not only be inconsistent with the manifest intent of the legislature, but it would result in the adoption of rules directly contrary to those of the common law and unknown to our practice. It is not possible that the legislature intended to make such a radical change in the rules of procedure without a specific declaration of its intention to do so and without laying down the new rules to be followed. As was said in *Harris* v. *Adams, supra:* "Under the common law mode of procedure there must be a joint legal interest,—an interest in which all parties joining or joined have joint legal rights before they can sue or be sued in one action. Consequently, a number of persons having several and distinct contracts growing out of the same transaction with one person, or, indeed, several and joint rights growing out of the same contract with one person, cannot join in an action against him, and much less can one person or a number of persons join in an action against a number of other persons where the rights and liabilities of the latter are several and not joint." In *Sleeper & Co.* v. *Banquet Hall Co.* 166 Ill. 57, we said: "Where causes of action are joined they must affect all the parties alike. The same plaintiff may not join distinct causes of action against different defendants, except in pro-

ceedings where there is some statutory provision permitting or requiring it to be done." This proposition seems too plain to require the citation of authorities. The legislature has not required this method of procedure in election contests or given any express permission that it be followed.

Appellees rely upon *Moock v. Conrad,* 155 Pa. 586, as sustaining their contention. In that case the election of four persons to the common council from one ward was contested, and the court held that the proceeding was properly brought to contest the election of each of the four persons. While it is true the court in that case used some language that might be construed as favorable to the contention of appellees, in *Harris v. Adams, supra,* the holding in *Moock v. Conrad, supra,* was explained, and limited to such cases as where two or more candidates for the legislature, for the city council or for school directors are to be chosen at the same time and from the same district and where a contest of the election of one would involve a contest of the election of all. It has been held in this State that under such circumstances the contest must proceed against all the parties who were declared elected to the same office from the same district as the result of the same election, because in such case each candidate at the election is an opponent of every other candidate for that office. *Conway v. Sexton,* 243 Ill. 59.

The election of a supervisor and commissioner of highways cannot be contested in the same proceeding. The court was without jurisdiction to proceed, and the motions to dismiss should have been allowed.

The judgment of the county court is reversed and the cause is remanded, with directions to dismiss the petition.

*Reversed and remanded, with directions.*