## The People of the State of Illinois ex rel. Martin L. Gorman, Appellee, v. Will V. Thomas, Appellant.

1.   Quo Warranto, § 27*—*what need not be part of petition.* There is no requirement that a petition for leave to file an information in the nature of a quo warranto shall be "In the name and by the authority of the People of the State of Illinois," and conclude, "against the peace and dignity of the same," that requirement applying only to the information itself.

2.   Quo Warranto, § 56*—*when judgment of ouster proper.* Where an election contest was had in a County Court and an appeal taken by one of the defeated parties, and, on reversal and remandment, the petition was dismissed as to both successful parties below, in accordance with the directions of the Supreme Court, *held* that a judgment of ouster rendered in a quo warranto proceeding, instituted by the party who had taken the appeal against the occupant of the office, to which the party who had not taken an appeal had been declared elected, was proper, as on the holding of the Supreme Court that the County Court was without jurisdiction to proceed in the election contest, the judgment rendered therein was void.

Appeal from the Circuit Court of Montgomery county; the Hon. Albert M. Rose, Judge, presiding.   Heard in this court at the October term, 1915.   Affirmed.   Opinion filed April 21, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

HILL & BULLINGTON, for appellant.

J. EARL MAJOR, for appellee.

D. R. KINDER, for relator.

MR. JUSTICE THOMPSON delivered the opinion of the court.

On July 14, 1913, there was presented to one of the Judges of the Fourth Judicial Circuit by the State's Attorney of Montgomery county, a petition for leave to file an information in the nature of a quo warranto against Will V. Thomas, praying that Thomas be required to show by what right or authority he claimed to hold and execute the office of Commissioner of Highways of the Town of Bois d' Arc in Montgomery county, Illinois. The Judge indorsed on the petition: "The clerk will docket this cause, file the information and petition herein and issue summons, returnable on July 20, 1914."

The petition alleges that at an election in April, 1913, in the Town of Bois d' Arc, for the purpose of electing among other officers a supervisor and a highway commissioner, Martin L. Gorman and W. K. McWilliams were candidates for the office of supervisor and commissioner of highways, respectively, and G. C. Browning and Will V. Thomas were candidates for those offices, respectively, on another ticket. The election returns showed that Gorman and McWilliams were elected.

Browning and Thomas filed a joint petition in the County Court of Montgomery county to contest the election of both Gorman and McWilliams. The County Court assumed jurisdiction and adjudged that Browning and Thomas were elected to the offices of supervisor and commissioner of highways, respectively. The petition for quo warranto alleges that the County Court was without jurisdiction to entertain and hear

said election contest and that all proceedings before it were void; that Gorman appealed from said judgment to the Supreme Court where the judgment was reversed and the cause remanded to the County Court with directions to dismiss the petition; that the cause was reinstated and, in conformity with the mandate of the Supreme Court, the petition was dismissed and judgment was rendered against contestants for costs. The petition avers that notwithstanding the County Court had no jurisdiction to try said contest, Thomas claims that he was elected, and insists upon acting as commissioner of highways and has usurped and unlawfully holds said office, wherefore petitioner presents herewith an information, etc.

Respondent filed a plea "to said information and the several counts thereof," setting up the judgment in the County Court in the election contest and that McWilliams excepted to that judgment, and prayed an appeal therefrom but did not perfect the same, and that he acquiesced in said judgment. To this plea a replication was filed: that the contest was a joint proceeding by McWilliams and Thomas; that the appeal was joint and several, that Gorman perfected an appeal and the Supreme Court rendered judgment therein and directed that the petition to contest the election be dismissed and adjudged that said County Court had no jurisdiction and that its order was void. Another replication sets forth that on an appeal the judgment of the County Court was reversed and the cause remanded with directions to dismiss the petition, and such proceedings were had therein that it was dismissed. Issues were joined on these replications. The matter was tried by the court without a jury and the court found that respondent was usurping the said office and entered a judgment of ouster. The respondent appeals.

The only contentions of appellant are "that the petition filed was fatally defective because it did not con-

clude 'against the peace and dignity of the same,' in accordance with requirements of the Constitution,'' and that because McWilliams did not appeal from the judgment in the election contest that adjudication is binding on him in this proceeding.

The order indorsed on the petition for leave to file an information shows that an information was presented with the petition. The verified petition recites that an information was presented to the court with it. The pleas filed by appellant also show that there was an information consisting of several counts filed. The first alleged error argued is that the petition is fatally defective. The information is the pleading upon which judgment was rendered ousting the appellant. The petition was only the sworn application for leave to file the information. There is no requirement that the petition for leave to file an information shall be: ''In the name and by the authority of the People of the State of Illinois;'' and conclude: ''Against the peace and dignity of the same.'' That requirement applies only to the information. In the absence of any showing to the contrary, it will be presumed the information was sufficient. The appellant has failed to have the information incorporated in the record, and of course the abstract does not show what the information contained. There is no merit in the contention of appellant that the petition is defective, for the reason the petition is only the sworn application for leave to file the information.

There was offered in evidence the pleadings and judgment of the County Court in the election contest; the judgment and remanding order of the Supreme Court in that proceeding; the notice to reinstate the election contest in the County Court and the judgment of the County Court dismissing the petition as commanded by the Supreme Court. The remanding order of the Supreme Court is entitled:

The remanding order reversed the judgment of the County Court of Montgomery county and remands the cause with directions to dismiss the petition. The opinion of the Supreme Court appears in 261 Ill. 617, and holds that: "The election of a supervisor and commissioner of highways cannot be contested in the same proceeding. The court was without jurisdiction to proceed, and the motions to dismiss should have been allowed." The order and judgment of the County Court adjudging that McWilliams was elected supervisor and Thomas highway commissioner was a void judgment. The petition or statement in the election contest was afterwards dismissed. It was not dismissed as to McWilliams only. Thomas was present in the County Court and objected to the petition being dismissed. His objection was overruled and it was dismissed as to both contestants. It clearly appears that appellant showed no right to the office of commissioner of highways; there was no error in the judgment of ouster. The judgment is affirmed.

*Affirmed.*