## City of Detroit, Appellant, v. Wabash Refining Company et al., Appellees.

### Gen. No. 26,554.

1. EVIDENCE—*judicial notice of statutes.* The courts of this State take judicial notice of the laws or statutes of this State and of the United States but not of the statutes of other States or foreign statutes.

2. STATUTES—*necessity of pleading statute of another State or foreign statute.* Where a statute of another State or a foreign statute is material, it must be pleaded.

3. STATUTES—*sufficiency of pleading of statute of another State or foreign statute.* In pleading a statute of another State or a foreign statute, it is only necessary to clearly state the substance thereof.

4. EVIDENCE—*judicial notice of municipal ordinance.* Courts do not take judicial notice of an ordinance of an incorporated town or city.

5. MUNICIPAL CORPORATIONS—*necessity of pleading ordinance.* When a municipal ordinance is material, it must be specially pleaded.

6. MUNICIPAL CORPORATIONS—*sufficiency of pleading of ordinance.* In pleading a municipal ordinance it is not necessary that the ordinance be set out *in hæc verba* but the substantial parts thereof should be.

7. EVIDENCE—*judicial notice of regulations of Interstate Commerce Commission.* In an action brought in the courts of this State based upon the violation of certain regulations of the Interstate Commerce Commission, the court will not take judicial notice of such regulations.

8. COMMERCE—*pleading regulations of Interstate Commerce Commission.* In an action in a State court, based on the alleged violation of certain regulations of the Interstate Commerce Commission, the plaintiff should plead in his declaration, at least in substance, the portions of the regulations relied upon.

9. RAILROADS—*when counts in declaration in action by city for damage to property are insufficient.* In an action by a city for damages sustained to a street by the explosion of gasoline which escaped from a tank car and ran into the sewer, counts in the declaration which set up such facts but stated no facts showing what caused the discharge of the gasoline from the car into the sewer or what caused it to explode in the sewer, and stated no facts showing a causal connection between defendants' failures and omis-

City of Detroit v. Wabash Refining Co., 223 Ill. App. 246.

sions and the explosion or that they were the proximate cause thereof, were insufficient.

10. RAILROADS—*when count in declaration in action by city for damage to property is insufficient.* In an action by a city for damages caused by the explosion in a sewer of gasoline which escaped from a tank car, a count in the declaration, based upon common-law negligence, which failed to allege what the defects in the car were; or wherein the defendants negligently carried or transported the car; or where the car was when the gasoline ignited and exploded; or that the gasoline was discharged into the sewer; or any facts showing what caused the gasoline to ignite and explode or showing any causal connection between the negligence charged and the explosion; or that the negligence charged was the proximate cause of the explosion, was insufficient on demurrer.

11. NEGLIGENCE—*duplicitous and alternative count as bad on special demurrer.* In an action for damages based upon negligence, a count in which the charge of negligence is double and in the alternative is bad on special demurrer.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed December 30, 1921.

DYRENFORTH, LEE, CHRITTON & WILES and CLARENCE E. WILCOX, for appellant; GEORGE A. CHRITTON, VINCENT M. BRENNAN and GOODSELL F. HENKE, of counsel.

WETTEN, MATTHEWS & PEGLER, GLENNON, CARY, WALKER & MURRAY and WINSTON, STRAWN & SHAW, for appellees.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On March 9, 1918, the City of Detroit, a municipal corporation of the State of Michigan, commenced an action in *case* in the circuit court of Cook county against the three defendants. Plaintiff's declaration consisted of eleven counts, to which each defendant filed a general and special demurrer. On May 4, 1920, after a full hearing, the court sustained the demurrers

and, upon plaintiff electing to abide by its declaration, entered judgment against plaintiff for costs, and this appeal followed.

The question is: Does any one of the eleven counts state a good cause of action? If not, then it will be unnecessary for us to consider the questions, here elaborately argued by opposing counsel, whether or not the property alleged to have been damaged is real estate, and whether or not the so-called "local action doctrine" is applicable.

In the first count it is averred, in substance, that on March 12, 1916, plaintiff was lawfully in possession of or had exclusive supervision over a certain street, to wit, Scotten avenue, within the corporate limits of the City of Detroit, in which it had at great expense built a sewer and graded, curbed and paved the highway of said street; that the defendants were before that time respectively engaged in consigning, shipping, selling, transporting, delivering, etc., merchandise and other articles of commerce into, through and between the several states of the United States, and were, respectively, lessee, consignor, shipper, seller, transporter or deliverer of a certain tank car, known as car No. 191 of the German-American Car Company, filled with a certain inflammable, volatile, explosive and dangerous fluid or liquid, to wit, 10,000 or more gallons of gasoline, from Robinson, Illinois, to the Rath Oil Company of Detroit, Michigan; that "by reason of the Act of Congress adopted March 4, 1909, and of Section 15 of the Act of Congress to regulate Commerce, as amended June 18, 1910, and of the *regulations* for the transportation of explosives and other dangerous liquids by freight and express and specifications for shipping containers, as adopted by the Interstate Commerce Commission of the United States, effective October 1, 1914, in such case made and provided, it became and was the duty of the defendants to employ a tank car, in the shipment of this inflammable, vola-

tile, explosive and dangerous liquid, that was conformable to the *Master Car Builder's rules* as provided by law and said statute, but, on the contrary, the said defendants failed and neglected to provide such a tank car''; that on March 12, 1916, while said car No. 191, of which defendants were lessee and carrier respectively, was in the City of Detroit, ''it discharged a portion or all of its contents, to wit, 10,000 or more gallons of gasoline into the sewer of Scotten avenue, * * * by reason of the defendants failing to supply a car for the shipment thereof conformable to the *Master Car Builder's rules''*; and that the gasoline upon reaching the sewer ''exploded therein,'' whereby the sewer, and the grading, curbing and pavement above it, of the value of $125,000, were then and there partially or totally destroyed and damaged and partially or wholly lost to the plaintiff.

In the second count the averments are substantially the same, except that no mention is made of the Master Car Builder's rules, and except that it is averred that it was defendants' duty, in the shipment of the gasoline, ''to employ a tank car that did not leak, as provided by law and said statute,'' and it is charged that defendants ''failed and neglected to provide such a tank car,'' and that said car discharged the gasoline into said sewer ''by reason of the failure of the defendants to supply a car for the shipment thereof that did not leak,'' and that the gasoline upon reaching the sewer exploded therein.

In counts third to eighth, inclusive, the averments are substantially the same as in the second count with the following exceptions: In the third count it is averred that, in the shipment of the gasoline, it was defendants' duty ''to employ a tank car that did not have any defects that would make leakage during transit probable, as provided by law and said statute,'' and it is charged that defendants ''failed and neglected to provide such a tank car,'' and that by reason thereof the car discharged the gasoline, which reached the

sewer and exploded therein. In the fourth count it is charged that defendants failed and neglected to provide a tank car "in which the tank and fittings had been examined to see that said car was in proper condition for loading, as provided by the said law and statute," by reason whereof, etc. In the fifth count it is charged that defendants failed and neglected to provide a tank car "of which the tank had been examined for evidence of previous leaks, as provided by law and said statute," by reason whereof, etc. In the sixth count it is charged that defendants failed and neglected to provide a tank car "of which the safety and outlet valves, dome-cover; and outlet valve cap had been examined before loading and were in proper condition before loading, as provided by law and said statute," by reason whereof, etc. In the seventh count it is charged that defendants failed and neglected to provide a tank car "of which the outlet valve did not show a dropping of the fluid with the valve cap off, as provided by law and said statute," by reason whereof, etc. In the eighth count it is charged that defendants failed and neglected to provide a tank car "which did not show more than a dropping of the liquid from the outlet valve with the valve cap off without being repaired, as provided by law and said statute," by reason whereof, etc.

In the ninth count all of the several charges of negligence contained in the preceding counts are collected together and charged, so to speak, *en masse,* together with some additional charges of a similar nature.

Counsel for plaintiff, in their printed argument here filed, admit (and it so appears) that the several charges of negligence contained in the nine counts are all based upon a violation of certain regulations, effective October 1, 1914, of the Interstate Commerce Commission. It is to be noticed that in none of the nine counts are said regulations, or any portion thereof, set forth or pleaded *in hæc verba* or in substance. And in the first count, where the charge is that the

defendants failed and neglected to provide a tank car "conformable to the Master Car Builder's rules," neither the said rules nor any portion thereof are set forth or pleaded.

While courts of this State take judicial notice of the public laws or statutes of this State (36 Cyc. 1236; *People v. Ottawa Hydraulic Co.,* 115 Ill. 281, 288), and take judicial notice of the public laws or statutes of the United States (4 Wigmore on Evidence, sec. 2573), they do not take judicial notice of the statutes of other States of the Union or foreign statutes, and the same when material must be pleaded (*Pearce v. Rhawn,* 13 Ill. App. 637, 640; *Chumasero v. Gilbert,* 24 Ill. 293, 294), although it is only necessary to clearly state the substance of the act relied upon. (*Louisville, N. A. & C. Ry. Co. v. Shires,* 108 Ill. 617, 629.) And courts do not take judicial notice of an ordinance of an incorporated town or city, and when such ordinance is material in an action it must be specially pleaded, and while it is not required that the ordinance should be set out *in hæc verba* in the pleading, the substantial parts thereof should be, so that its requirements may be seen and known. (*Illinois Cent. R. Co. v. Ashline,* 171 Ill. 313, 315.) No reason is perceived why, in an action brought in one of the courts of this State based upon the alleged violation of certain *regulations* of the Interstate Commerce Commission of the United States, the court should take judicial notice of such regulations, or why the pleader in his declaration should not be required to plead, at least in substance, the portions thereof relied upon, so that the defendant may see and know their requirements. In *Warren v. Cleveland, C., C. & St. L. Ry. Co.,* 156 Ill. App. 111, 116, it is decided that the court will not take judicial notice of the official classifications of freight rates made under the Interstate Commerce Act. In *Robinson v. Baltimore & O. R. Co.,* 222 U. S. 506, 512, referring to a provision in section 14 of the Act to regulate Commerce, it is said: "Undoubtedly, this provision

makes the decisions of the Commission, as so published, admissible in evidence without other proof of their genuineness, but it does not require that they be judicially noticed, or relieve litigants from offering them in evidence as they would any other competent evidence intended to be relied upon." In *House v. Chicago & N. W. Ry. Co.*, 30 S. Dak. 321, 330, it is decided by the Supreme Court of South Dakota that while the courts of that State will take judicial notice that by federal statutes the Interstate Commerce Commission has been given extensive powers in the regulation of interstate commerce, they will not take judicial notice of whether said Commission has in any manner prescribed what shall be included in the term "baggage," when applied to interstate commerce, or of what definition, if any, has been given to such term by said Commission. And we think that the first count of the declaration is also defective in that the Master Car Builder's rules, or at least the particular portions thereof relied upon, should have been set forth and pleaded.

It is also to be noticed that in each of the nine counts, after charging that in the shipment of the gasoline the defendants failed and neglected to provide a tank car which conformed to the particular rules or regulations mentioned, it is also charged that while said car, No. 191, was in Detroit, it discharged a portion or all of said 10,000 gallons of gasoline "into the sewer of Scotten avenue," that this occurred by reason of the failure of the defendants to supply a car in the shipment thereof which conformed to the particular rules or regulations mentioned, and that said gasoline "upon reaching said sewer exploded therein." But no facts are stated showing what caused the discharge of the gasoline into the sewer from the car. And although it is alleged that the gasoline which was in the car was an "inflammable, volatile, explosive and dangerous fluid or liquid," no facts are stated showing what caused the gasoline upon reaching the sewer to

explode therein, whether it came in contact with any flame, whether a gas was generated therefrom which exploded, or what happened, or whether or not another cause produced the explosion. And no facts are stated showing a causal connection between defendants' said several failures or omissions and the explosion, or showing that said several failures or omissions were the proximate cause of the explosion. The term "proximate cause" is defined in 3 Bouvier's Law Dictionary, Rawle's 3rd revision, p. 2762, as: "That which, in a natural and continuous sequence, *unbroken by any new cause,* produces an event, and without which the event would not have occurred. The proximate cause is that which is nearest in the order of responsible causation; * * * that which stands next in causation to the effect, not necessarily in time or space, but in causal relation." In *Follett v. Illinois Cent. R. Co.,* 288 Ill. 506, 514, it is said: "The courts have been called upon to determine whether an act of negligence was the proximate cause of a resulting injury and have formulated rules for determining what is a proximate cause. It is not necessary to make a negligent act the proximate cause that the *particular* injury could reasonably have been foreseen, but if the consequences follow in unbroken sequence from the wrongful act to the injury *without an intervening efficient cause,* it is sufficient if at the time of the negligence the wrongdoer might, by the exercise of ordinary care, have foreseen that *some* injury might result from his act or neglect." In *Stone v. Boston & A. R. Co.,* 171 Mass. 536, it is decided, in substance, that, although a railroad company may be considered negligent in storing oil, not liable to spontaneous ignition, upon a platform of its freight house in a town, it is not liable for the loss of adjacent buildings by fire caused by the careless act of a teamster, named Casserly, not in its employ and rightfully upon its premises, throwing down a lighted match, whereby the oil is ignited

and the fire spreads to said buildings. The court said (p. 541):

"Was the starting of the fire by Casserly the natural and probable consequence of the defendant's negligent act in leaving the oil upon the platform? According to the usual experience of mankind, ought this result to have been apprehended? The question is not whether it was a possible consequence, but whether it was probable, that is, likely to occur, according to the usual experience of mankind. That this is the true test of responsibility applicable to a case like this has been held in very many cases, according to which a wrongdoer is not responsible for a consequence which is merely possible, according to occasional experience, but only for a consequence which is probable, according to ordinary and usual experience. One is bound to anticipate and provide against what usually happens and what is likely to happen; but it would impose too heavy a responsibility to hold him bound in like manner to guard against what is unusual and unlikely to happen, or what, as it is sometimes said, is only remotely and slightly probable. A high degree of caution might, and perhaps would, guard against injurious consequences which are merely possible; but it is not negligence, in a legal sense, to omit to do so." (See also *Goodlander Mill Co. v. Standard Oil Co.*, 63 Fed. 400.)

The tenth count is somewhat similar to the ninth count, except that it does not appear that the several charges of negligence are based upon any of the regulations of the Interstate Commerce Commission. It is alleged, in substance, that prior to March 12, 1916, the tank car, No. 191, had been filled at Robinson, Illinois, with 10,000 or more gallons of gasoline, and had been carried by the defendants, or some of them, to a point within the aforesaid City of Detroit; that it was the duty of the defendants, in transporting "this dangerous, volatile and explosive liquid," to employ a car "that was not defective so that leakage during transit would not occur; one that did not leak; one in which the outlet valve was capable of being closed and one

in which said valve was closed; one in which the valve nozzle was not split; one that has been inspected for defects; one that had been repaired; so that said car would not emit, vent or discharge its dangerous contents into or upon the property of any person and by igniting or otherwise cause and produce injury to the property of any person which was lawfully at, near, upon, abutting or contiguous to said car, whether being loaded, unloaded, standing or moving, while being employed for the purpose of shipping, holding or conveying said gasoline''; that defendants neglected their duty and ''negligently and carelessly failed to provide a car that had no defects and one that did not leak''; that the car employed by them in shipping said gasoline ''was defective in that the outlet valve and valve seat was not in a state of repair, and was not capable of being closed and was not closed at any time during loading or while being carried, and the outlet valve nozzle of which had become cracked and broken by reason of permitting water and ice to collect in same before loading and was loaded while in that condition, and so carried and conveyed by these defendants, respectively''; that, on March 12, 1916, ''while the same car was so loaded and carried in the City of Detroit, * * * a portion or all of its contents, consisting of 10,000 gallons of gasoline, more or less, ran, flowed, emptied, were emitted and discharged'' from said car into said sewer in Scotten avenue, Detroit, ''by reason of defendants so employing a car in shipping this gasoline that was defective as aforesaid''; and that said gasoline ''then and there ignited and exploded,'' whereby the said sewer and the curbing and pavement above it were partially or totally destroyed, etc.

In our opinion this tenth count does not state a good cause of action. No facts are alleged showing what caused the gasoline upon being discharged into the sewer to ignite and explode, or showing any causal connection between the explosion and the several charges of negligence on the part of the defendants,

or showing that any of the said several charges of negligence was the proximate cause of the explosion. Furthermore, if, as charged, the tank car was a leaky one, and if the outlet valve thereof was incapable of being closed and *was not closed at any time* during loading or while the car was being carried, and the outlet valve nozzle was cracked and broken and, *while in that condition,* the car was loaded with gasoline at Robinson, Illinois, and transported to Detroit, Michigan, it is difficult to conceive how any large amount of gasoline could have been in the car upon its arrival at Detroit, so as to make possible the discharge thereof into the sewer.

The eleventh count is what is termed by counsel for plaintiff to be the "common-law" count. It is therein alleged, in substance, that on or about March 12, 1916, the plaintiff had exclusive supervision over a certain street, to wit, Scotten avenue, in the City of Detroit, in which street plaintiff had previously built a sewer and had curbed and paved the highway of said street; that one of the defendants had previously caused the said tank car to be filled with 10,000 gallons of gasoline more or less; that said car of gasoline was carried by the defendants, or some of them, from Robinson, Illinois, to a point within said City of Detroit; that it was the duty of the defendants to employ a car in loading and transporting said gasoline that was not defective or dangerous, and to so load and transport the same as not to occasion damage or injury to the property of any person which might at any time be located at or near the car; that said defendants neglected their duty, and "negligently and carelessly provided a car therefor which had defects, *or* negligently and carelessly carried and transported said car, by reason of which acts * * * the said gasoline then and there ignited and exploded," whereby the sewer and the curbing, and pavement above it were totally or partially destroyed, etc.

We do not think that this count states a good cause

of action.  It is not alleged what the defects in the car were or wherein the defendants negligently carried or transported the car.  It is not alleged where the car was when the gasoline ignited and exploded, or that the gasoline was discharged into the sewer.  Furthermore, no facts are alleged showing what caused the gasoline to ignite and explode, or showing any causal connection between the negligence charged and the explosion, or showing that the negligence charged was the proximate cause of the explosion.  Furthermore, the charge of negligence is double and in the alternative, and the count for this reason is bad on special demurrer.  (1 Chitty on Pleading, *p. 249; *Chicago West. Div. Ry. Co. v. Ingraham,* 131 Ill. 659, 665; *Louisville, E. & St. L. R. Co. v. Hill,* 29 Ill. App. 582, 584.)

Our conclusion is that the trial court did not err in sustaining the demurrers, and, upon plaintiff's election to abide by its declaration, in entering the judgment appealed from.  Accordingly, the judgment is affirmed.

*Affirmed.*

BARNES and MORRILL, JJ., concur.