AFSHAR, INC., Plaintiff-Appellee, v. CONDOR AIR CARGO, INC., Defendant and Third-Party Plaintiff-Appellant (A C Express *et al.*, Third-Party Defendants).

First District (4th Division)   No. 1—92—0508

Opinion filed July 29, 1993.

Robert A. Roth, of Keck, Mahin & Cate, of Chicago, for appellant.

Jeanine L. Stevens, of Bischoff, Maurides & Swabowski, Ltd., of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Afshar, Inc., filed this action in the circuit court of Cook County against defendant, Condor Air Cargo, Inc., to recover for damages sustained to a Persian rug while in transit between two cities. Following a bench trial, the trial court entered a verdict in plaintiff's favor on the original complaint, and in favor of AC Express, on the third-party complaint defendant filed against AC Express and Atlantic Delivery, Inc. Defendant appeals, contending that the trial court (1) committed reversible error in holding it strictly liable, and (2) erred in denying its motion for judgment at the end of plaintiff's case.

We affirm.

There is no record of proceedings as no court reporter was present at trial. The evidence adduced at trial, as presented by the parties' briefs, is as follows. In August 1990, Eileen and James Swoboda, residents of Virginia, agreed to purchase an $11,000 Bijar Halvaii carpet from plaintiff in Chicago. The Swobodas inspected the rug and found it to be in pristine condition. Plaintiff later entered into an oral agreement with defendant under which defendant agreed to transport the carpet to Oakton, Virginia.

On August 17, 1990, Ani Afshar, president of Afshar, Inc., together with her two sons and a friend, inspected the rug at her home. After finding no blemishes, they completely enclosed the rug in heavy-duty transparent plastic using heavy-duty woven tape. Later that afternoon, defendant retrieved the rug from the Afshar home. Ms. Afshar believed that the carpet would be transported only by defendant.

On August 21, 1990, the carpet was delivered to the Swoboda residence in Virginia. Upon delivery, Ms. Swoboda noticed that the plastic enclosing the rug had been ripped, thereby exposing a portion of the rug. Ms. Swoboda insisted that the delivery person remain while she inspected the carpet more thoroughly. In so doing, Ms. Swoboda noticed that the carpet was wet and its colors had run, and noted such on the delivery receipt before signing. Ms. Swoboda paid shipping charges of $118.90 which plaintiff did reimburse.

Ms. Swoboda immediately telephoned Ms. Afshar and informed her that the carpet had been damaged and refused to pay for it. Ms. Afshar directed her to ship it to a restoration company where it was examined, washed and stretched for $333.50 which Ms. Afshar paid. Ms. Afshar also paid $600 in storage fees.

On May 15, 1991, plaintiff filed a two-count complaint against defendant based on strict liability and negligence. Defendant generally denied all material allegations of the complaint. Defendant later filed a third-party complaint against the third-party defendants for contribution and indemnity.

At the bench trial held on January 8, 1992, after plaintiff presented its opening statement, defense counsel moved for judgment in its favor alleging that plaintiff failed to make a *prima facie* case under the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. §11707 (1988)). The trial court denied defendant's motion. At the end of plaintiff's case, defendant again moved for judgment pursuant to section 2—1110 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1110). The trial court denied defendant's motion, noting that defendant failed to plead the Carmack

Amendment as an affirmative defense and that defendant argued only that the Carmack Amendment precluded recovery because Afshar failed to establish damages. After weighing the evidence and considering the credibility of witnesses, the trial court entered a verdict in plaintiff's favor on the original complaint based on strict liability, and in favor of AC Express on the third-party complaint.

On appeal, defendant contends that the trial judge committed reversible error in holding it strictly liable and not determining its liability under the Carmack Amendment. Plaintiff argues, however, that defendant waived this defense at trial, and also here on appeal, by failing to plead it in its answer to the complaint.

■ Section 2—613(d) of the Illinois Code of Civil Procedure provides that any affirmative defense, such as any transaction that "cannot be recovered upon by reason of any statute," which a litigant wishes to assert at trial, must be set out in his answer or reply. (Ill. Rev. Stat. 1991, ch. 110, par. 2—613(d).) Where a litigant fails to do so, he has waived the defense and it may not be considered even though the evidence may suggest the existence of the defense. *Spagat v. Schak* (1985), 130 Ill. App. 3d 130, 134.

■ As defendant notes in its brief, the Carmack Amendment preempts all State and common law remedies inconsistent with the Interstate Commerce Act. (*Hughes v. United Van Lines, Inc.* (7th Cir. 1987), 829 F.2d 1407, 1415.) Since it would have defeated plaintiff's claims based on negligence and strict liability, the Carmack Amendment meets the test for an affirmative defense and defendant should have raised it in its answer. (See *Schute v. Chambers* (1986), 142 Ill. App. 3d 948, 952.) However, since it did not, we hold that the trial court did not err in holding defendant strictly liable.

Because we hold that defendant waived its argument concerning the Carmack Amendment here on appeal, we need not address its remaining argument.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

CAHILL and HOFFMAN, JJ., concur.