JOHN HAGEN, Petitioner-Appellee, v. GAIL STONE *et al.*, as the *ex officio* Educational Officers Electoral Board of Niles Township, *et al.*, Respondents-Appellants (David D. Orr, Clerk of Cook County, Respondent).

First District (6th Division)   Nos. 1—95—3628, 1—95—3629 cons.

Opinion filed December 29, 1995.

Borek & Goldhirsh, of Wilmette (Sam Borek, of counsel), and LaVelle, Juneau & McCollum, Ltd., of Oak Park, for appellants.

Burny International, of River Forest (Michael Hugh Burny, of counsel), for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

This case involves the rights of respondents, Sanford Alper, Saul Weiner, Jerome Glass, and Paul Smith, to have their names printed on the ballot as candidates for the office of member of the board of education in and for Niles Township High School District No. 219.

The electoral board (Board) found that the objections filed by petitioner, John Hagen, failed to establish a *prima facie* case for objecting to the nominating petitions. The Board, therefore, overruled the objections and declared valid the nominating papers. The circuit court of Cook County reversed the decision of the Board and ordered respondents' names removed from the ballot. After an expedited appeal, we affirmed the judgment of the circuit court by order, stating that an opinion would follow.

We address the following issues: (1) whether the objections to the nominating petitions set forth a *prima facie* case; (2) whether the nominating petitions are valid; and (3) whether the circuit court had jurisdiction to hear a single petition for judicial review of the Board's four separate decisions.

■ Respondents contend the objections filed by petitioner are legally insufficient because petitioner failed to prove his residence address and interest as part of his *prima facie* case pursuant to section 10—8 of the Election Code (Code) (10 ILCS 5/10—8 (West 1994)). Although the burden of proof in a proceeding to contest nominating petitions lies with the objector, an objector need not prove his interest, which is irrelevant for purposes of determining the validity of nominating petitions. (*Wollan v. Jacoby* (1995), 274 Ill. App. 3d 388, 392, 653 N.E.2d 1303; *Havens v. Miller* (1981), 102 Ill. App. 3d 558, 566, 429 N.E.2d 1292.) Further, an objector is not required to prove standing as part of his *prima facie* case; rather, lack of standing is an affirmative defense which must be timely asserted by a candidate. *Wollan*, 274 Ill. App. 3d at 393; *Dunham v. Naperville Township Officers Electoral Board* (1994), 265 Ill. App. 3d 719, 722-23, 640 N.E.2d 314.

■ In the case *sub judice*, respondents failed to raise the issue of petitioner's standing in a timely manner. Respondents assert they did raise this issue by filing answers, which did not admit to petitioner's legal voter status and residence address, and also by arguing the issue of standing to the Board at oral argument. However, if respondents wished to assert an affirmative defense, they were required to specifically plead it in their answers or replies so that petitioner was not taken by surprise at oral argument. (*Afshar, Inc. v. Condor Air Cargo, Inc.* (1993), 250 Ill. App. 3d 229, 231, 621 N.E.2d 126, citing Ill. Rev. Stat. 1991, ch. 110, par. 2—613(d) (now 735 ILCS 5/2—613(d) (West 1994)); *Spagat v. Schak* (1985), 130 Ill. App. 3d 130, 134, 473 N.E.2d 988.) Where respondents have failed to do so, they are deemed to have waived the defense and it may not be considered. (*Afshar, Inc.*, 250 Ill. App. 3d at 231, citing *Spagat*, 130 Ill. App. 3d at 134.) As petitioner points out in his brief, respondents

failed to plead the affirmative defense of standing, yet then attempted to raise it before the Board, thus surprising petitioner. Accordingly, the affirmative defense is deemed waived.

■ Having determined the objections sufficiently set forth a *prima facie* case under section 10—8 of the Code, the next issue is whether the nominating petitions are valid even though two of the petitions are unnumbered and the other two, plus one of the unnumbered petitions, do not include dates of circulation. It is clear that both the page-numbering requirement and the provision requiring that a circulator's affidavit include a statement as to when the sheet was circulated are mandatory provisions. (*Wollan*, 274 Ill. App. 3d at 394; *Simmons v. DuBose* (1986), 142 Ill. App. 3d 1077, 1079, 492 N.E.2d 586.) Respondents' noncompliance with these mandatory provisions, which are found in section 10—4 of the Code (10 ILCS 5/10—4 (West 1994)), invalidates the nominating petitions and requires respondents' removal from the ballot.

■ Finally, we address whether the circuit court had jurisdiction to hear a single petition for judicial review of the Board's four separate decisions pursuant to section 10—10.1 of the Code (10 ILCS 5/10—10.1 (West 1994)). Respondents argue the circuit court erred in denying their section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1994)) motion to dismiss the petition for review based upon petitioner's filing of a single complaint relating to four separate objections. Respondents rely on the language of section 10—10.1 of the Code, which provides in part:

> "Except as otherwise provided in this Section, a candidate or objector aggrieved by the decision of an electoral board may secure judicial review of such *decision* in the circuit court ***. The party seeking judicial review must file a petition with the clerk of the court within 10 days after the decision of the electoral board. The petition shall contain a brief statement of the reasons why the decision of the board should be reversed." (Emphasis added.) (10 ILCS 5/10—10.1 (West 1994).)

Based upon the foregoing language, respondents contend the intent of the legislature was to restrict the contest of electoral candidates or decisions of the Board to only one candidate or decision per proceeding. See *Browning v. Gorman* (1914), 261 Ill. 617, 620, 104 N.E. 220; *Clarke v. Bettenhausen* (1921), 296 Ill. 373, 376, 129 N.E. 803; but see *Hester v. Kamykowski* (1958), 13 Ill. 2d 481, 489, 150 N.E.2d 196 (taking exception to *Browning*, holding that a petition for judicial review could name multiple defendants seeking different offices where the issues and judgment would be identical).

■ Although petitioner sought review of four separate Board deci-

sions within a single pleading, the pleading includes five separate counts. Each count seeks separate review of a decision related to each candidate. The five counts are viewed as separate and distinct causes of action (see 735 ILCS 5/2—603, 2—613 (West 1994)), based upon similar factual allegations and the same issues. (See *Ras v. Allan Anthony Electric Corp.* (1965), 55 Ill. App. 2d 176, 204 N.E.2d 797 (holding the court had jurisdiction to hear a three-count complaint, premised upon three separate causes of action, naming three separate defendants, where the counts involved identical factual allegations and legal issues).) If originally filed as separate actions, it is likely that, upon timely motion, the five actions would have been consolidated on the grounds of judicial economy and trial convenience. (See 735 ILCS 5/2—1006 (West 1994).) This is evidenced by the fact that respondents' subsequent motion to consolidate appeals was granted. In the interest of judicial economy, we find the court had jurisdiction to hear a single petition for review pursuant to section 10—10.1 of the Code. To hold otherwise would thwart the liberal joinder provisions of the Code of Civil Procedure. See 735 ILCS 5/2—405, 2—614 (West 1994).

For the aforementioned reasons, the judgment of the circuit court is affirmed.

Affirmed.

EGAN and ZWICK, JJ., concur.