# Illinois Official Reports

## Appellate Court

*Finko v. City of Chicago Department of Administrative Hearings*,
2016 IL App (1st) 152888

| | |
|---|---|
| Appellate Court Caption | ANDREW FINKO, Petitioner-Appellant, v. THE CITY OF CHICAGO DEPARTMENT OF ADMINISTRATIVE HEARINGS and THE CITY OF CHICAGO DEPARTMENT OF REVENUE, Respondents-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-15-2888 |
| Rule 23 order filed | October 24, 2016 |
| Rule 23 order withdrawn | November 21, 2016 |
| Rehearing denied | December 2, 2016 |
| Opinion filed | December 5, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2014-M1-627765; the Hon. Susan Kennedy Sullivan, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Andrew Finko, of Chicago, appellant *pro se*.<br><br>Stephen R. Patton, Corporation Counsel, of Chicago (Benna Ruth Solomon, Myriam Zreczny Kasper, and Irina Y. Dmitrieva, Assistant Corporation Counsel, of counsel), for appellees. |

JUSTICE HARRIS delivered the judgment of the court, with opinion. Justices Simon and Mikva concurred in the judgment and opinion.

## OPINION

¶ 1    Petitioner, Andrew Finko, appeals from the order of the circuit court denying his motion to consolidate and compel the city of Chicago to prepare and file the record of proceedings concerning ticket No. 9185712107. On appeal, petitioner contends the court erred in denying his motion to consolidate because ticket No. 9185712107 involved the same alleged violation occurring in the same location, against the same defendant (petitioner), as ticket No. 918567656, a matter properly before the court on administrative review. Petitioner also argues on appeal that the court erred in ordering the clerk of the court to refund petitioner's filing fee. For the following reasons, we affirm.

¶ 2                               JURISDICTION
¶ 3    The Department of Administrative Hearings (DOAH) issued its findings and final determinations on ticket No. 9185712107 and ticket No. 918567656, on August 18, 2014. On September 12, 2014, petitioner filed a complaint for administrative review. The trial court denied petitioner's motion to consolidate and reversed the DOAH's determination as to ticket No. 918567656, on April 23, 2015. Petitioner filed a motion to reconsider which the trial court denied on September 10, 2015. Petitioner filed his notice of appeal on October 8, 2015. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 4                               BACKGROUND
¶ 5    Petitioner was issued two parking tickets, No. 918567656 on July 10, 2014, and No. 9185712107 on July 28, 2014, for parking his vehicle in violation of section 9-64-080(a) of the Chicago Municipal Code (Municipal Code) (Chicago Municipal Code § 9-64-080(a) (amended Nov. 13, 2007)). Petitioner contested both tickets by mail and on August 18, 2014, the administrative law judge (ALJ) issued findings for each ticket in separate orders. For each ticket, the ALJ found that "the information submitted supports a determination that the violation occurred" and therefore, petitioner was "responsible for the fine of $100.00." The DOAH's final determination affirmed the ALJ's findings.

¶ 6    On September 12, 2014, petitioner, an attorney, filed a *pro se* complaint for administrative review listing both ticket numbers on the complaint and attaching copies of the separate DOAH orders as exhibits. In the complaint, petitioner alleged that the ALJ's determinations were "not in accordance with the law" because "[t]here were no 'Rush Hour' signs posted prohibiting parking." On November 26, 2014, the trial court issued an order regarding "Violation No: 918567656" that directed defendants to respond, continued the matter to March 3, 2015, and stayed collection of the fine until resolution of petitioner's appeal. However, for reasons unknown, the order made no mention of ticket No. 9185712107.

¶ 7 On January 21, 2015, in response to the trial court's order, the city of Chicago filed a complete record of the proceedings to support its position on ticket No. 918567656 pursuant to section 3-106 of the Code of Civil Procedure (Code) (735 ILCS 5/3-106 (West 2014)). The record included a copy of ticket No. 918567656, photographs of the street and street signs that were taken on July 10, 2014, and petitioner's affidavit regarding his "personal knowledge about the location of the Honda vehicle *** on July 10, 2014, at or near 5:17 pm." No record was filed for ticket No. 9185712107.

¶ 8 On March 3, 2015, petitioner presented a motion to consolidate and compel the city to file the record of proceedings for ticket No. 9185712107. In his motion, petitioner argued that both tickets "are for the *same* alleged violation, at the *same* location, issued to the *same* car/owner, and both have decisions issued on the *same* date, by the *same* hearing examiner. The only difference between the two tickets is that they were issued on different dates." (Emphasis in original.) Petitioner stated that the city did not prepare the record for ticket No. 9185712107 and provided no just reason for its refusal to provide the record when petitioner attached the decisions for both tickets to his complaint for administrative review.

¶ 9 In response, the city stated although petitioner was contesting both tickets, he filed only one complaint for administrative review in violation of administrative review law. The trial court's intake order of November 26, 2014, listed only citation No. 918567656, and accordingly the city filed the record for citation No. 918567656. The city argued against consolidation because the plain language of administrative review law requires that a complaint must be filed for each matter on review before the trial court, and petitioner filed only one complaint for administrative review of two final decisions. The city also argued that "it is impossible to conclude from the complaint that the citations arise from the same acts or depend on the same evidence." Rather, since the citations were issued 18 days apart, "it is reasonable to conclude that these two citations *** differ in nature, act, issue, or evidence."

¶ 10 After a hearing, the trial court denied petitioner's motion to consolidate. First, the trial court reasoned that the decision to consolidate is "discretionary" and in this case, the trial court would not consolidate both tickets into a single complaint because "the nucleus of facts is not the same." It stated that if petitioner had been issued two tickets on the same day in the same location, it might have allowed the consolidation. The trial court acknowledged that evidence of the circumstances of ticket No. 9185712107 was "not even available" to consider. The trial court also stated, in response to petitioner's alternate request to set the matters for the two citations separately, that ticket No. 9185712107 was not properly before the court because petitioner did not file a second complaint for ticket No. 9185712107.

¶ 11 The trial court then ruled on the matter before it concerning ticket No. 918567656. It found that the citation was issued at 5:17 p.m., which was within the time period between 4 and 6 p.m. when the loading zone restriction was not in effect. Therefore, the trial court determined that the city failed to establish a *prima facie* case, and it reversed the DOAH's determination finding a violation. The court also ordered the refund of petitioner's filing fee.

¶ 12 Petitioner filed a motion to reconsider, arguing that the trial court erred in denying his motion to consolidate. In his motion, petitioner requested that the city be compelled to file the administrative record for ticket No. 9185712107, that the trial court either hold a hearing on the matter of No. 9185712107 or reverse the DOAH's determination, and that the city of Chicago "bear all of Petitioner's court costs in this matter, rather than the Clerk of the Circuit Court of Cook County." In response, the city argued that the trial court properly denied

petitioner's motion to consolidate because there was no record regarding ticket No. 9185712107 on which to compare the similarity of facts and issues to ticket No. 918567656. The city further argued that had petitioner filed a separate complaint for ticket No. 9185712107 initially, a record of the ticket would have been provided in answer to the complaint, as occurred with ticket No. 918567656. The trial court denied petitioner's motion to reconsider, and petitioner filed this timely appeal.

¶ 13                                                    ANALYSIS

¶ 14     Petitioner appeals the decision of the trial court, upon administrative review, to deny his motion to consolidate and not consider his challenge to the DOAH's determination regarding ticket No. 9185712107. We are mindful that the proceedings below involved administrative hearings, and as such, this court normally reviews the decision of the DOAH rather than the trial court's determination. See *Frances House, Inc. v. Illinois Department of Public Health*, 2015 IL App (1st) 140750, ¶ 22. However, the issue in this appeal centers on the trial court's conduct as authorized by administrative review law and not on the propriety of the DOAH's determination regarding petitioner's parking tickets. Therefore, we consider whether the trial court erred in refusing to rule on petitioner's ticket No. 9185712107 claim.

¶ 15     Under the Illinois Constitution, "final administrative decisions are appealable only 'as provided by law.' " *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 178 (2007) (quoting Ill. Const. 1970, art. VI, § 9). As our supreme court explained in *Ultsch*, "[b]ecause review of a final administrative decision may be obtained only as provided by statute, a court exercises 'special statutory jurisdiction' when it reviews an administrative decision." *Id.* This jurisdiction "is limited to the language of the statute conferring it," and therefore, "[a] party seeking to invoke a court's special statutory jurisdiction must strictly comply with the procedures prescribed by the statute." *Id.*

¶ 16     Section 3-102 of the Code mandates that parties to an administrative proceeding are barred from judicial review unless review is sought "within the time and in the manner" provided by statute. 735 ILCS 5/3-102 (West 2014). The time and manner of seeking review is set forth in section 3-103, which states that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 735 ILCS 5/3-103 (West 2014).

¶ 17     At the hearing on petitioner's motion to consolidate, the trial court stated that the matter of ticket No. 9185712107 was not properly before it because petitioner did not file a separate complaint for that ticket within 35 days of receiving the DOAH's decision but instead listed both ticket numbers on a single complaint. Whether section 3-103 required petitioner to file a separate complaint for each ticket number is a question of statutory interpretation. This court's primary goal in interpreting a statute is to give effect to the legislature's intent. *Land v. Board of Education of the City of Chicago*, 202 Ill. 2d 414, 421 (2002). "The best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning." *Paris v. Feder*, 179 Ill. 2d 173, 177 (1997). Where resolution of an issue turns on the interpretation of a statute, our review is *de novo*. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210 (2008).

¶ 18     Section 3-103 states that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint" within 35 days of the decision. 735 ILCS 5/3-103

(West 2014). A plain reading of this language directs a party to file a complaint for review of "a final administrative decision." Nothing in the statutory language indicates that a complaint may be filed for review of multiple final administrative decisions. Strictly construed, section 3-103 requires a party to file a complaint for each final administrative decision the party wants to appeal. Here, the DOAH issued a final determination and order for ticket No. 918567656 and issued a separate final determination and order for ticket No. 9185712107. It follows that if petitioner wanted to appeal both orders, he should have filed a complaint for each order in strict compliance with section 3-103. Petitioner did not file a separate complaint for ticket No. 9185712107 but instead listed the ticket number along with ticket No. 918567656 in a single complaint. We find that since no complaint was filed for ticket No. 9185712107 within the 35-day time period, the trial court was without jurisdiction to review the DOAH's determination on that claim on its own or pursuant to a motion to consolidate. *Rodriguez v. Sheriffs Merit Comm'n*, 218 Ill. 2d 342, 350 (2006).

¶ 19        Petitioner, however, argues that substantial compliance with section 3-103 is sufficient and that he substantially complied by listing both ticket numbers on his timely-filed complaint for administrative review, attaching copies of the separate orders for each ticket. As support, petitioner relies primarily on *Hagen v. Stone*, 277 Ill. App. 3d 388 (1995). In *Hagen*, four respondents sought to have their names printed on the ballot as candidates for elected board of education members. *Id.* at 389. Petitioner filed an objection, and the electoral board subsequently overruled the objection. On administrative review, the trial court reversed the board's decision and ordered the respondents' names removed from the ballot. *Id.* at 390.

¶ 20        On appeal, the respondents argued that the trial court erred in denying their motion to dismiss the petitioner's complaint because he filed a single complaint regarding four separate board decisions. *Id.* at 391. Although the section at issue in *Hagen* was section 10-10.1 of the Election Code (10 ILCS 5/10-10.1 (West 1994)), the section states, similar to section 3-103, that a party "may secure judicial review of such decision in the circuit court" by filing "a petition with the clerk of the court within 10 days after the decision of the electoral board." *Id.*

¶ 21        The appellate court found that the trial court had jurisdiction to consider the complaint pursuant to section 10-10.1 and affirmed the lower court's determination. *Hagen*, 277 Ill. App. 3d at 392. It reasoned that although the petitioner sought review of four separate board decisions in a single complaint, the complaint had five separate counts with each count seeking a separate review of a decision related to a single candidate, "based upon similar factual allegations and the same issues." *Id.* The appellate court further noted that if petitioner had originally filed five separate complaints, "it is likely that, upon timely motion, the five actions would have been consolidated on the grounds of judicial economy and trial convenience." *Id.*

¶ 22        *Hagen* is factually distinguishable and does not support petitioner's case here. Unlike the complaint in *Hagen*, petitioner's complaint did not have separate counts for each ticket number. Also, the record before the court in *Hagen* contained sufficient evidence to compare the separate cases because the appellate court found that that the counts were "based upon similar factual allegations and the same issues." *Id.* In denying petitioner's motion to consolidate in the case before us, however, the trial court found that "the nucleus of facts is not the same" and if petitioner instead had been issued two tickets on the same day in the

same location, it might have allowed the consolidation. We cannot conclude from the complaint itself, or from the attached orders, that the citations for both tickets arose from the same acts or depended on the same evidence. Unlike the situation in *Hagen*, there is no evidence in the record here to support that the two tickets, issued 18 days apart, involved the same factual allegations and legal issues.

¶ 23 We note that petitioner cites *Chicago Transit Authority v. Industrial Comm'n*, 238 Ill. App. 3d 202 (1992), as additional support for his argument that a proper complaint for administrative review may encompass more than one final administrative decision, for the first time in his reply brief. As such, our consideration of the case is waived pursuant to Illinois Supreme Court Rule 341(h)(7) (eff. Jan. 1, 2016) ("[p]oints not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing"). Nonetheless, the case is inapposite. *Chicago Transit Authority* is a workers' compensation case and, as this court observed therein, "generally speaking" the Code and the supreme court rules do not apply to workers' compensation cases. *Chicago Transit Authority*, 238 Ill. App. 3d at 205. Although petitioner has proceeded *pro se*, he is not entitled to more lenient treatment and is "presumed to have full knowledge of applicable court rules and procedures." *In re Estate of Pellico*, 394 Ill. App. 3d 1052, 1067 (2009).

¶ 24 Alternatively, petitioner contends that the doctrine of estoppel should apply because he "relied upon the acceptance of his complaint by the Clerk of the Court, and the Respondents' failure to challenge, or seek dismissal of his Complaint." Petitioner did not specifically plead equitable estoppel in his complaint nor was it formally raised as an issue before the trial court during the hearing on the motion to consolidate. At the hearing on petitioner's motion to reconsider, petitioner touches on his reliance but there was no formal argument on the issue or a ruling. Failure to raise an issue before the trial court forfeits review of that issue on appeal. *Coghlan v. Beck*, 2013 IL App (1st) 120891, ¶ 31.

¶ 25 Waiver aside, the use of estoppel against public bodies is not favored and is allowed only when necessary to prevent fraud or injustice. *Jack Bradley, Inc. v. Department of Employment Security*, 146 Ill. 2d 61, 81 (1991). Therefore, to invoke estoppel against a public body one must show an affirmative act on the part of the public body and the inducement of substantial reliance by the affirmative act. *Halleck v. County of Cook*, 264 Ill. App. 3d 887, 893 (1994). Here, petitioner does not allege any affirmative act on the part of the city or clerk's office. Rather, he alleges only that the clerk's office took his complaint and the city failed to challenge the complaint. The facts alleged do not support the application of estoppel.

¶ 26 We recognize that under the particular facts of this case, petitioner is left with little recourse because he failed to file a separate complaint for ticket No. 9185712107. However, a strict reading of section 3-103 requires the filing of a complaint for each final administrative decision a party wishes to appeal, and the plain language of that section makes no exception for reasonable mistakes made in good faith. The legislature, rather than this court, is the proper body to address any issues regarding the operation of this section.

¶ 27 Petitioner also challenges the trial court's use of a preprinted form directing the clerk of the court to refund petitioner's filing fee. Petitioner makes clear that he is not challenging the order refunding the fee, and "is indeed grateful that his court costs were refunded," but argues that the city should pay his costs rather than the clerk of the court. The city argues that petitioner has no standing to challenge the payment by the clerk of the court, and we agree. Petitioner challenged the DOAH's final decision on administrative review, and the trial court

entered judgment in his favor. The court also ordered the clerk of the court to refund petitioner's filing fee. Petitioner "cannot complain of error which does not prejudicially affect [him], and one who has obtained by judgment all that has been asked for in the trial court cannot appeal from the judgment." *Material Service Corp. v. Department of Revenue*, 98 Ill. 2d 382, 386 (1983).

¶ 28      For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 29      Affirmed.