# Illinois Official Reports

## Appellate Court

<div style="border:1px solid black">

### *Board of Education of the City of Chicago v. Moore*, 2019 IL App (1st) 182391

</div>

| | |
|---|---|
| Appellate Court Caption | THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, JANICE JACKSON, Chief Executive Officer, and THE ILLINOIS STATE BOARD OF EDUCATION, Petitioners-Appellees, v. DAPHNE MOORE, Respondent-Appellant. |
| District & No. | First District, First Division<br>No. 1-18-2391 |
| Filed<br>Rehearing denied | December 23, 2019<br>January 17, 2020 |
| Decision Under Review | Petition for review of order of the Board of Education of the City of Chicago, Nos. 18-1024-RS5, 18-1024-EX11. |
| Judgment | Board decision reversed and remanded for further proceedings. |
| Counsel on Appeal | Robert E. Bloch and Josiah A. Groff, of Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, of Chicago, for respondent.<br><br>Linda Hogan, of Chicago, for appellees. |
| Panel | JUSTICE PIERCE delivered the judgment of the court, with opinion. Presiding Justice Griffin and Justice Hyman concurred in the judgment and opinion. |

**OPINION**

¶ 1     The Board of Education of the City of Chicago (Board) filed disciplinary proceedings against respondent, Daphne Moore, seeking her dismissal pursuant to section 34-85 of the Illinois School Code (105 ILCS 5/34-85 (West 2016)). After a hearing, the hearing officer recommended that Moore be reinstated. The Board adopted the hearing officer's recommendation and declined to dismiss Moore. However, the Board rejected the hearing officer's finding that Moore's version of events was credible and issued a "Warning Resolution" to Moore. The Board further found "that Moore's misconduct warrants a 90-day time-served suspension to be deducted from her net back pay." Moore appeals, arguing that the suspension and reduction in her back pay are unauthorized by law. For the following reasons, we agree and reverse the final administrative decision of the Board and remand for further proceedings.

¶ 2                                 BACKGROUND

¶ 3     On April 25, 2017, the chief executive officer of the Board approved charges and specifications against Moore. The Board sought dismissal of Moore, a tenured teacher at Charles W. Earle Elementary School in Chicago, because of her response to an incident that occurred in September 2016. The Board sent a dismissal letter to Moore, notifying her that charges had been approved pursuant to section 34-85 of the School Code (105 ILCS 5/34-85 (West 2016)). The letter also informed Moore that she could be suspended without pay pending the outcome of the dismissal hearing. In the dismissal letter, the Board identified eight charges against Moore that generally alleged a failure of supervision, a failure to perform certain duties, and a failure to comply with Board policies and state ethical and professional teaching standards.

¶ 4     On March 8, 2018, a dismissal hearing under section 34-85 was held on the charges and specifications before a mutually selected hearing officer. Testimony was taken from several witnesses. On September 7, 2018, the hearing officer issued his findings and recommendations. The hearing officer found that the Board had not met its burden to show that Moore acted negligently and that the Board had not met its burden to show that Moore lied to the Board's investigator. Based on those findings, the hearing officer found that the Board had not established cause to dismiss Moore.

¶ 5     On October 24, 2018, the Board issued its opinion and order adopting in part and rejecting in part the hearing officer's findings. Relevant to this appeal, the Board adopted the hearing officer's finding that it did not have cause to discharge Moore. However, because the Board found that Moore "failed to act in a prudent and responsible manner," the Board reinstated Moore and issued a Warning Resolution directing her to receive certain training. The Board concluded its order by stating, "moreover, the Board finds that Moore's misconduct warrants a 90-day time-served suspension to be deducted from her net pay."

¶ 6     Plaintiff timely sought administrative review in this court, challenging only the imposition of the "time-served suspension" and the corresponding deduction of salary from her net back pay.

¶ 7                                                    ANALYSIS

¶ 8          The issue before us is whether dismissal proceedings against a tenured teacher under
section 34-85 of the School Code authorize the imposition of a "time-served suspension" with
a corresponding deduction of salary from the teacher's back pay and benefits award. Moore
argues that section 34-85 authorizes only a termination finding and, where termination is not
ordered, the Board must make the reinstated teacher whole for lost earnings. Moore further
argues that, if the Board issued the suspension and salary reduction penalty under a different
section of the School Code, her due process rights were violated because she was never notified
that it was proceeding on these alternate grounds. The Board argues that, even if the time-
served suspension without pay penalty is not provided for in section 34-85, other sections of
the School Code allow the Board to suspend teachers without pay and Moore's due process
rights were not violated by the imposition of this penalty. For the following reasons, we reverse
the decision of the Board and remand for calculation of Moore's back pay award.

¶ 9          The School Code provides for judicial review of Board decisions made pursuant to section
34-85. The School Code incorporates the Administrative Review Law (735 ILCS 5/3-101
*et seq.* (West 2016)) but requires administrative review to be initiated in this court. 105 ILCS
5/34-85(a)(8) (West 2016). In an administrative review action, an agency's decision on a
question of law is not binding on the reviewing court. *Cinkus v. Village of Stickney Municipal
Officers Electoral Board*, 228 Ill. 2d 200, 210 (2008). "Where resolution of an issue turns on
the interpretation of a statute, our review is *de novo*." *Finko v. City of Chicago Department of
Administrative Hearings*, 2016 IL App (1st) 152888, ¶ 17.

¶ 10         We first consider whether section 34-85 of the School Code authorizes the Board to reduce
a reinstated teacher's back pay as a disciplinary penalty. We find that it does not. Section 34-
85 sets forth the procedures for removal of a teacher for cause. In relevant part, section 34-85
provides,

             "Pending the hearing of the charges, the general superintendent or his or her designee
             may suspend the teacher or principal charged without pay in accordance with rules
             prescribed by the board, provided that if the teacher or principal charged is not
             dismissed based on the charges, he or she must be made whole for lost earnings, less
             setoffs for mitigation."105 ILCS 5/34-85(a)(2) (West 2016).

The term "mitigation" in this section references "offsets for interim earnings and failure to
mitigate losses." *Id.* § 34-85(a)(7). Because the word "must" is used in the context of
safeguarding a teacher's right to full compensation in the event that discharge is not ordered,
the use of the word "must" makes this statutory provision mandatory. *Andrews v. Foxworthy*,
71 Ill. 2d 13, 21 (1978).

¶ 11         As an administrative agency, a school board has "only those powers expressly conferred
upon it by the General Assembly." *Spinelli v. Immanuel Lutheran Evangelical Congregation,
Inc.*, 118 Ill. 2d 389, 403 (1987). Because the powers of an administrative agency are strictly
confined to those granted in its enabling statute, the agency "must find within the statute the
authority which it claims." *City of Chicago v. Fair Employment Practices Comm'n*, 65 Ill. 2d
108, 113 (1976). Where a penalty issued by an agency is not provided for in the statutory
authority granted to the agency, the penalty is void. *Id.* at 115.

¶ 12         The Board sought to terminate Moore under the authority of section 34-85. Pending the
termination hearing, section 34-85(a)(2) authorizes the teacher's suspension without pay. 105
ILCS 5/34-85(a)(2) (West 2016) ("[P]ending the hearing of the charges, the [Board] may

suspend the teacher or principal charged without pay ***.”). However, section 34-85(a)(2) also specifically provides that the teacher is to be made whole if termination is not ordered. *Id.* (“provided that if the teacher or principal charged is not dismissed based on the charges, he or she must be made whole for lost earnings, less setoffs for mitigation”).

¶ 13    The Board's authority to terminate after a hearing is provided for in section 34-85(a)(7). *Id.* § 34-85(a)(7) (“The board, within 45 days of receipt of the hearing officer's findings of fact and recommendation, shall make a decision as to whether the teacher or principal shall be dismissed from its employ.”). After a hearing, there is no grant of authority to do anything other than to order discharge or to decline discharge. Had the legislature wanted the Board to have the option of suspending the teacher without pay after a hearing, it would have said so. Where the Board “declines to dismiss the teacher or principal after review of a hearing officer's recommendation, the board shall set the amount of back pay and benefits to award the teacher or principal, which shall include offsets for interim earnings and failure to mitigate losses.” *Id.* Again, had the legislature wanted to allow for a suspension without pay in lieu of an order of termination, it would have said so. Looking at subsections (a)(2) and (a)(7), it is clear that a period of suspension is only authorized pending the final decision of the board and, after a full hearing, if dismissal is not ordered, the teacher is to be made whole through reimbursement of back pay and benefits, less statutory offsets.

¶ 14    Here, the Board sought to dismiss Moore pursuant to section 34-85. After the hearing officer filed his findings of fact and recommendation, the Board declined to dismiss Moore. A plain reading of section 34-85 shows that, because the Board did not dismiss Moore, the Board was required to make her whole for lost earnings and benefits, less setoffs. The Board failed to do so. Instead, the Board exceeded the limitations of section 34-85 by imposing its own disciplinary penalty, which it termed a “90-day time-served suspension to be deducted from her net back pay.” Because a disciplinary fixed period of suspension and a corresponding reduction in back pay is not authorized by section 34-85, the penalty imposed on Moore is void. This conclusion is consistent with the section 34-85(a)(2) requirement that a teacher suspended pending a termination hearing must be made whole in the event the board declines to dismiss the teacher.

¶ 15    We reject the Board's argument that section 34-85 confers implied authority to impose lesser sanctions, such as suspension without pay, as an alternative to dismissal. Our objective in construing a statute is to give meaning to the intent of the legislature. *People v. Lewis*, 223 Ill. 2d 393, 402 (2004). The courts must consider the plain and unambiguous language of a statute as the best indicator of legislative intent. *Id.* Courts should not depart from the plain statutory language by adding provisions or reading in exceptions, limitations, or conditions that were not expressed by the legislature. *Id.*

¶ 16    Section 34-85 does not expressly authorize the Board to issue suspensions or other disciplinary reductions in back pay. The legislature specifically prescribed two possible outcomes for proceedings instituted under section 34-85: dismissal or reinstatement with back pay and restoration of benefits. We will not insert a provision for an alternative penalty that was not expressed by the legislature. Because the legislature did not grant the Board the power, after the hearing, to impose a disciplinary suspension without pay in section 34-85, the Board was required to make Moore whole, and it did not have the authority to reduce Moore's back pay through the “time-served suspension.” Because the Board declined to terminate Moore, it had no authority to reduce Moore's back pay award, and therefore this penalty is void.

¶ 17    The Board's argument that the power to suspend Moore is implied in section 34-85 finds no support in our case law. Moore cites two cases from different appellate districts that dealt with the issue of whether statutory termination proceedings allowed for the suspension of a teacher. In *Craddock v. Board of Education of Annawan Community Unit School District No. 226*, 76 Ill. App. 3d 43, 45 (1979), the Third District found that a suspension was in effect a temporary dismissal, and a school board's power to suspend was derived from the section of the School Code that authorized the dismissal of tenured teachers in school districts outside of Chicago. However, in *Kearns v. Board of Education of North Palos Elementary School District No. 117*, 73 Ill. App. 3d 907, 912 (1979), the First District held that suspensions were not encompassed in the term "dismissal," so a suspension was not authorized by the School Code section providing for removal of tenured teachers. Instead, the *Kearns* court held that suspension was an implied power of the school board under the section of the School Code that allowed the school board to "adopt and enforce all necessary rules for the management and government of the public schools of their district." (Internal quotation marks omitted.) *Id.* at 911. Our supreme court reviewed both cases and ultimately agreed with the reasoning in *Kearns* and rejected the reasoning of the *Craddock* majority. *Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc.*, 118 Ill. 2d 389, 403 (1987). The *Spinelli* court stated that the legislature clearly used the word "suspend" when it intended do so and, " 'if the legislature intended suspension to be treated the same as dismissals, it would have said so.' " *Id.* at 405-06 (quoting *Kearns*, 73 Ill. App. 3d at 912).

¶ 18    Following the reasoning in *Spinelli*, we find that, where the Board fails to meet its burden of proof in a section 34-85 termination proceeding, the Board does not have express or implied authority to impose a suspension without pay in lieu of termination. As discussed above, because a suspension is outside the authority granted to the Board in section 34-85, the penalty imposed on Moore is void.

¶ 19    In the alternative, the Board argues that, even if it did not have the authority to order a suspension without pay under section 34-85, it had the power to suspend Moore under other sections of the School Code and so its penalty is proper. There is no dispute that the Board has the power to suspend teachers without pay under section 34-8.1 (105 ILCS 5/34-8.1 (West 2016)) and section 34-18 (*id.* § 34-18). Moore argues that we must reject this argument as impermissible *post hoc* justification. We agree.

¶ 20    Moore cites *Department of Central Management Services v. Illinois Labor Relations Board, State Panel*, 2018 IL App (4th) 160827, where the Illinois Labor Relations Board (ILRB) declared a bargaining impasse using a three-factor test, rather than the usual five-factor test. The ILRB did not explain its reasoning before the board and did not explain its reasoning for departing from the administrative law judge's finding that there was no bargaining impasse. On appeal, we rejected the State's argument that the appellate court can affirm on any basis in the record when the agency itself failed to provide an explanation for its action. We found that " 'the courts may not accept appellate counsel's *post hoc* rationalizations for agency action. [Citation.] It is well established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself.' " *Id.* ¶ 37 (quoting *Motor Vehicle Manufacturers Ass'n of the United States, Inc. v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29, 50 1983)).

¶ 21    Here, the Board clearly articulated that section 34-85 was the basis for the suspension it imposed on Moore. The Board stated in its dismissal letter that the proceedings against Moore were instituted under section 34-85. The termination hearing was held, and the hearing officer

issued his recommendation, under the provisions of section 34-85. In the "Applicable Law and Policy" section of its final decision, the Board cited only section 34-85 when discussing the legal effect of its factual findings. The Board's argument on review that its final order was vague and did not reference the basis for the suspension is completely refuted by the repeated references to section 34-85 in the record. The Board points to no other legal basis in the record below to justify the order of suspension without pay. Therefore, we reject the Board's arguments on appeal that Moore's penalty is proper under other provisions of the School Code.

¶ 22    The Board reminds this court that we may affirm its decision on any basis in the record. Specifically, the Board argues that the record supports the imposition of a suspension without pay. This argument misses the point: Moore only challenges the penalty imposed after the termination hearing, not the sufficiency of the evidence. We have found that the Board acted beyond the scope of authority granted to it in section 34-85. The Board elected to proceed under section 34-85; it conducted its termination hearing and issued its final order pursuant to this section. The Board chose an all or nothing proceeding and, to its credit, decided that termination was not the proper order. It now must comply with the remainder to the statute and make Moore whole.

¶ 23    Having found that the penalty of suspension and a corresponding reduction in net back pay is not an authorized order under section 34-85, we need not address Moore's due process argument.

¶ 24                                    CONCLUSION

¶ 25    Based on the foregoing, we find that Section 34-85 does not grant the Board the authority to reduce a reinstated teacher's back pay award as a disciplinary penalty or through a "time-served suspension." We therefore reverse the Board's decision to issue Moore a "90-day time-served suspension to be deducted from her net pay" as void and outside the statutory authority granted in section 34-85. We remand to the Board to issue an administrative decision as to the amount of back pay and benefits due to Moore in accordance with section 34-85(a)(8) of the School Code (105 ILCS 5/34-85(a)(8) (West 2016)).

¶ 26    Board decision reversed and remanded for further proceedings.